**LIM KWOCK SOON and Lim Kwock Min, Plaintiffs,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States of America, Defendant.**

**Civ. A. No. 7022.**

United States District Court
S. D. Texas, Houston Division.
July 19, 1956.

Maverick, Putman & Putman, Harold D. Putman and Joseph Reid, San Antonio, Tex., for plaintiffs.

Malcolm R. Wilkey, U. S. Atty., and Sidney Farr, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

This is a suit for declaratory judgment to adjudge and declare that plaintiffs are citizens of the United States of America, pursuant to the provisions of Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903,[1] then in effect. Plaintiffs, born in China, base their claim to American citizenship upon the claim that they are the natural and legitimate sons of Lim Thl, an American citizen. Plaintiff Lim Kwock Soon will be referred to for brevity and convenience as Soon, plaintiff Lim Kwock Min will be referred to for brevity and convenience as Min, and Lim Thl, the claimed father, will be referred to for brevity and convenience as Thl.

Plaintiffs' evidence consists of the testimony of Thl, Soon and Min supporting the claims of plaintiffs. Thl testified that he went to China about 1931 and there married, according to the customs of China, Lee Yuck Gee, the claimed mother. Thl testified that he has lived in Houston, Texas, for over twenty years, where he is engaged in the grocery business, except for about one year spent in China from 1947 to 1948. During this stay in China, according to his testimony, he fathered a son named Hing.

Thl, Soon and Min each testified that Soon was born CR 21, 8th month, 8th day (September 8, 1932, by our calendar), and that Min was born CR 22, 10th month, 10th day (November 27, 1933, by our calendar), and that Hing was born CR 37, 3rd month, 3rd day. It was testified that the paternal grandmother was born the 2nd month, 2nd day, year not indicated. Plaintiffs' evidence in these respects was given entirely by the oral testimony of Thl, Soon and Min, there being no documentary evidence of such matters as the marriage of Thl and Gee or of the birth of plaintiffs.

By Pre-Trial Order it was stipulated that the transcript of the testimony given by plaintiffs before the Board of Special Inquiry Hearing held in San Francisco, California, begun October 9, 1951, and concluded April 25, 1952, and the accompanying exhibits, might be used as evidence in this trial, subject to the right of either party to object to the admissibility of any portion thereof. Among such documents are photostatic copies of two American Express Company money orders (DX–15), each issued at Houston, Texas, "9–11–1950", each in the amount of $50, one payable to Lim Kwock Soon and the other payable to Lim Kwock Min. Soon testified that the money orders were sent to them by Thl and that he, Soon, cashed both money orders and gave Min his part. Also among the documents is a photostatic copy of a letter written entirely in Chinese script (DX–7). Soon testified that he and Min came to the United States in 1951 and that he was given an envelope by the United States Consulate at Hong Kong in which was enclosed a number of documents to be delivered to the authorities when they reached the United States. He testified that he did not open the envelope and that he delivered it to the authorities here intact. The letter (DX–7) was among such documents. English translation (DX–16) of the letter is as follows:

---

[1]. Now Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.

"My son, Bok Hing:

"I am sending back from Lee's place two drafts (U. S.) each in the amount of $50. Interpreter's Note: (At this point there is an insertion to this letter which reads as follows: In these drafts the names Kwock Soon and Kwock Min were used.) This is for you to use as evidence. The money is from me personally, but I have used the names of two persons. When the money arrive make sure that you receive it. This money should have been sent home one week earlier, because the person who were to deliver these checks did not come, I did not have the checks to enclose. It was my intention to combine the two checks into one in the amount of $100. Your father said that if the checks were to serve as evidence it would be more effective to separate the amounts into two copies. Happy schooling.

> "Father, Guey (2nd character illegible) Mother, Choon or Shew (2nd character illegible.)"

The evidence shows strong indications of fraud. Plaintiffs disclaim any knowledge of the letter identified as DX–7 and claim that it must have been placed in the envelope by mistake. It is a circumstance too strong to overlook that such letter contained two names, "Kwock Soon" and "Kwock Min", and that it referred to "two drafts (U. S.) each in the amount of $50." It would be too much of a coincidence for this letter, containing the names of Kwock Soon and Kwock Min and referring to two United States drafts in the amount of $50, to find its way into their envelope by mistake. Plaintiffs' counsel points up that the stationery upon which the letter is written contains in the upper left corner thereof in printed script "Sky Mail". He argues that "Sky Mail" is an English term as distinguished from American "Air Mail" and that the letter must have come from England and not from the United States. But the letter speaks of "two drafts (U. S.)" and of dollars and not pounds.

Another striking coincidence is the dates of birth, by the Chinese calendar, of the several persons, as testified to by Thl, Soon and Min. Each witness responded promptly to questions relating to dates of birth as follows:

Soon, born CR 21, 8th month, 8th day.

Min, born CR 22, 10th month, 10th day.

Hing, born CR 37, 3rd month, 3rd day.

The paternal grandmother of plaintiffs, born (year not known), 2nd month, 2nd day.

That four members of one family should have birth dates in which in each individual case the month of the year and the day of the month are numerically identical presents astounding and almost incredible mathematical possibilities. Soon and Min testified to the same birth dates shown here when they testified before the Board of Special Inquiry Hearing in San Francisco in 1951 and 1952. This raises a strong suspicion that the dates were fabricated and that by making the month of the year and the day of the month numerically identical in each case it would be easier for the several witnesses to remember the several dates and avoid conflict in testimony.

Plaintiffs' case is so shrouded in doubt that they have not discharged their burden of proof.

Plaintiffs' suit will be dismissed with costs adjudged against them. Clerk will notify counsel to draft and submit appropriate dismissal order.