Martin WIFSTAD, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. 355.

United States District Court
D. North Dakota,
Northwestern Division.

Oct. 19, 1961.

Fred E. Whisenand, Jr., of Davidson
& Whisenand, Williston, N. D. and Wallace L. Herreid, Crosby, N. D., of counsel,
for plaintiff.

Gordon Thompson, Asst. U. S. Atty.,
Fargo, N. D., for defendant.

RONALD N. DAVIES, District Judge.

This action was commenced under Section 205(g) of the Social Security Act,
as amended, 42 U.S.C.A. § 405(g), for
judicial review of a final decision of the
Secretary of Health, Education and Welfare [1] denying Plaintiff's application for
old age benefits.

Martin Wifstad filed his application
for old age insurance benefits with the
Department of Health, Education and
Welfare December 17, 1958. He was 76
years of age at the time. The application
was denied, and upon Plaintiff's request
for reconsideration, the initial determination was affirmed. A request for a
referee's decision was granted, and a
hearing held. The referee filed his decision December 31, 1959, affirming the
original determination, holding that:

"* * * claimant did not materially participate in the production
or management of production of

---

1. By order of this Court dated March 24,
1961, Abraham A. Ribicoff, as successor
of Richard S. Flemming to the office of
Secretary of the Department of Health,
Education and Welfare, was substituted
in his official capacity, as Defendant for
all purposes of this action.

farm commodities in either 1957 or 1958, and that his reported self-employment income in those years is properly excluded from 'net earnings from self-employment' as rentals from real estate not received in the course of a trade or business as a real estate dealer under Section 211 (a) (1) of the Social Security Act, as amended."

A request that the referee's decision be reviewed by the Appeals Council of the Social Security Administration was denied, and the decision thus became the final decision of the Defendant Secretary within the meaning of Section 205(g) of the Act. 42 U.S.C.A. § 405(g). Hence this review was sought.

The Plaintiff is the owner of a farm in Divide County, North Dakota. Income was received during 1957 and 1958 from the operation of the farm by a tenant under the terms of an oral arrangement. The tenant had farmed the land from 1951 through 1956 under an agreement stipulating that the tenant was to provide all physical labor in connection with production of crops, furnish all machinery and equipment, provide the seed, and assume all farm expenses. The Plaintiff was to pay the real estate taxes and to maintain two granaries located on the farm. The crops were divided so that the tenant received 75 per cent thereof and Plaintiff the remainder.

Beginning in 1957 the farm agreement was modified in that the tenant was to provide all physical labor in connection with production of the crops and was to furnish the machinery and equipment necessary. Plaintiff was to pay the real estate taxes, maintain the granaries, provide all the seed, pay for half of the harvesting expenses, pay for half the expenses incurred if the crops were sprayed, and pay for the hauling of his share of the grain to the elevator. All of the grain produced was hauled to a commercial elevator and there physically divided, the tenant and the Plaintiff each receiving one-half. Each sold his own share and kept separate accounts.

The Plaintiff Wifstad consulted with the tenant in the spring of each year and then decided what crops were to be planted, what land was to be summer-fallowed and what type of seed was to be purchased for seeding. The farm was operated on a three year rotation basis with half the tillable acreage seeded to crop and the other half summer-fallowed, this plan having been established over the years by Plaintiff as the proper one for the best production on his particular land. The number of acres that was to be seeded to wheat was determined by Government ASC allotment, and therefore, Plaintiff had only to decide whether to plant rye, flax or barley, and how many acres of each.

During the course of the crop year, the Plaintiff visited the farm several times, inspecting the summer fallow and the crop conditions. In one of the two crop years in question Plaintiff, after consulting with the tenant, decided to spray for grasshopper infestation. In case of conflict in opinion as to the advisability of spraying, the final decision was made by Plaintiff.

The referee held that the formulation of a farm plan does not count toward material participation and that there was no evidence that any of Plaintiff's decisions or inspection significantly affected the farm's production. The referee further held that it was the tenant who made the *significant* decisions, such as when or how to plant and when to harvest.

Under Section 205(g) findings of fact by the Secretary must be sustained if they are supported by substantial evidence, and this is also true of any reasonable inferences drawn from supported evidentiary or primary facts. Miller v. Flemming, 9 Cir., 275 F.2d 763; Foster v. Flemming, 8 Cir., 190 F.Supp. 908. But fact findings are acceptable only where it is evident that the correct legal standard has been employed by the trier of the facts. Henderson v. Flemming, 5 Cir., 283 F.2d 882.

The Court of Appeals for the Fifth Circuit in Henderson v. Flemming, 283

F.2d 882, 888, had this to say on "material participation":

"In the same approach, we know at least today that agriculture is or may be big business. It takes more than land and a willing hand. It takes working capital, frequently in considerable amounts. An owner of land who is required to (and does) furnish substantial amounts of cash, credit or supplies toward this mutual undertaking which are reasonably needed in the production of the agricultural commodity and from the success of which he must look for actual recoupment likewise makes a 'material participation.' One is hardly a mere landlord in the traditional sense if he must risk considerable funds in addition to the land in the success of the venture. And what he gets—or hopes to get— is more than rent. It is profit from the operation of a business, a business fraught with financial risks— the business of producing agricultural commodities."

A case this Court believes to be in point and controlling here is Conley v. Ribicoff, 9 Cir., 1961, 294 F.2d 190, 195. Therein it was held:

"However, the 1956 amendment does not demand that the owner settle all the problems or even all the important problems that arise in connection with the operation of the farm, for the word 'participation' denotes joint activity in the entire enterprise and its modifier 'material' only requires that the activity be of substantial value or importance. No decisions are conceivable under the present facts that are more important to the enterprise than those relating to the type and quantity of the crops. We are, of course, aware of the many 'variables of our complex rural economy' Henderson v. Flemming, supra, 283 F.2d at page 888 and recognize that in perhaps a great many farm operations the making of a farm plan at the beginning of the season would fall short

of the statutory requirement; however, in the setting before us such a contribution, relating as it did to matters that govern both the course and the outcome of the enterprise could not be less than 'material'."

Under the facts in the case at bar there was a material participation in the production or the management of production of farm commodities by the Plaintiff in both the years 1957 and 1958, and the material participation was pursuant to an agreement so to participate.

The Secretary failed to apply the proper legal standards to the facts as he found them. The Plaintiff, Martin Wifstad, on the record before this Court is entitled to the benefits of the Act since the Secretary's decision patently was the end product of an erroneous concept of applicable law.

The decision of the Secretary of Health, Education and Welfare is reversed, and the Secretary is ordered to make payment of the claims of the Plaintiff.