**Estrid L. BENSON, Plaintiff,**

v.

**Abraham A. RIBICOFF, as Secretary of Health, Education and Welfare, Defendant.**

Civ. No. 3836.

United States District Court
D. North Dakota,
Northeastern Division.

Jan. 13, 1962.

Paul Benson (of Shaft, Benson & Shaft), Grand Forks, N. D., for plaintiff.

John O. Garaas, U. S. Atty., Fargo, N. D., and Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., for defendant.

RONALD N. DAVIES, District Judge.

The above-entitled action was instituted under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), for judicial review of a final decision of the Secretary of Health, Education and Welfare [1] denying Plaintiff's application for an increase in the amount of old-age benefits she was receiving.

The Plaintiff, Estrid L. Benson, filed her application for old-age insurance benefits with the Department of Health, Education and Welfare November 5, 1958, having reached her 65th year the preceding May. Her application alleged employment from 1955 through June of 1958 and self-employment as a farm landlord during 1956 and 1957. The application was denied as to her alleged self-employment income from farm operations, the Bureau of Old-Age and Survivors Insurance considering the income to be rental. Upon Plaintiff's request for reconsideration, the initial determination was affirmed. A request for a referee's hearing was granted. The referee filed his decision January 4, 1960, affirming the original determination holding that:

" * * * the claimant did not have an agreement with her tenant for her material participation in the production or the management of the production of the agricultural commodities produced on the farm nor did she actually so materially participate in the said production within the meaning of Section 211(a) (1` of the Act, as amended."

Thereafter Plaintiff requested a review of the referee's decision by the Appeals Council of the Social Security Administration. The decision of the Appeals Council was filed August 30, 1960, holding that:

"* * * the claimant's principal contributions toward the production of the crops on her farm in 1956, 1957, and 1958 were the furnishing of the land and the payment of some of the production costs. Such decisions as she may have made with

---

1. By order of this Court dated March 22, 1961, Abraham A. Ribicoff was substituted in his official capacity as Secretary of the Department of Health, Education and Welfare, as successor to Richard S. Flemming.

respect to what crops to plant, where to plant them and the method to be used in rotating crops pertained to the formulation of a general farm plan, and not to the day by day farming operation. Under these circumstances, it would appear, and the Appeals Council so finds, that the income derived by the claimant in 1956, 1957, and 1958 was primarily attributable to the use of her land and to her financial investment in the crops, rather than to her active participation in the production activities. The Appeals Council finds, further, that such income was rental income, not received by the claimant in the course of a trade or business as a real estate dealer and that it may not be included, under the provisions of section 211(a) (1) of the Social Security Act, in the computation of the amount of the claimant's old-age insurance benefits.

"Since the final decision in this case would not be affected thereby, a specific finding by the Appeals Council of the precise nature of the agreement that existed between the claimant and her tenant in 1956, 1957 and 1958 is deemed unnecessary."

The foregoing became the final decision of the Secretary within the meaning of Section 205(g) of the Act, as amended, 42 U.S.C.A. § 405(g). From it the Plaintiff here seeks judicial review.

The Plaintiff owns a 320 acre farm in Grand Forks County, North Dakota. Since her husband's death in 1939, the farm has been operated by tenants. The first was on the farm for only one year and was then dismissed, the Plaintiff being unable to "handle him." In 1940 a second tenant was engaged by the estate of Carl Benson, Plaintiff being one of the signatories to the contract as co-executor of her late husband's estate. The contract provided that the tenant was to provide all physical labor and machinery necessary in the production of crops. The estate was to furnish all seed and to pay half the expenses of threshing or thirty-five per cent of the cost if the grain were combined. The crops were to be divided equally, the tenant paying the cost of delivery to a local elevator. Provision was made for supervision of all farm operations by the estate executors and seventy-two acres of land was to be summer-fallowed each year. The contract expired in the fall of 1943, and since that time no formal agreement has existed between the parties, the tenant and the Plaintiff having the understanding that the provisions of the original contract remain in effect until the present time. Save for the fact that Plaintiff has paid the costs incurred for fertilizer and spraying when necessary, there has been no change in the original agreement.

Plaintiff visited the farm from time to time, frequently twice a week, to consult with her tenant. In the spring, prior to seeding, the parties discussed what crops were to be planted and what land was to be summer-fallowed. After consulting a local seed house as to which were the best varieties of seed available, Plaintiff purchased the needed amounts of seed. Plaintiff and the tenant also discussed the need to fertilize or spray and then came to a mutual agreement.

From the foregoing factual situation the referee determined that the Plaintiff did not have an agreement with her tenant that provided for her material participation in the production or the management of production of the farm income for the years, 1956, 1957 and 1958, and also that she did not so participate.

First, accepting the facts as set out in the referee's decision, this Court is of the opinion that there was a failure to apply the proper legal standards and finds that there was a material participation by the Plaintiff in the production or the management of production of farm commodities during the years in question and that the material participation was done pursuant to an agreement.

As recently as October 19, 1961, this Court had occasion to pass upon the question of material participation. Wifstad v. Ribicoff, D.C., 198 F.Supp. 198.

Secondly, it is apparent from a reading of the record on this review that there is a complete lack of substantial evidence in the record as required by Section 205(g) of the Act, as amended, to support the findings of fact as finally determined by the Secretary.

Plaintiff herein, Estrid L. Benson, on the record before the Court is entitled to the benefits of the Act since, as was said in *Wifstad,* "The Secretary's decision patently was the end product of an erroneous concept of applicable law."

The decision of the Secretary of Health, Education and Welfare is reversed, and the Secretary is ordered to make payment of the claims of the Plaintiff.