**John MILLER**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Washington, D. C.**

Civ. A. No. 7993.

United States District Court
W. D. Louisiana,
Opelousas Division.

April 4, 1963.

Pavy & Boudreaux, Albert John Boudreaux, Opelousas, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., Shreveport, La., for defendant.

PUTNAM, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for review of an administrative determination made by the Secretary of Health, Education and Welfare denying claimant's application for benefits based on self-employment farm income for the years 1956, 1957 and 1958. It is before the Court for summary judgment, submitted on the basis of the administrative record, as to which there is no material issue of fact.

The question presented for decision is whether or not, as a matter of law, the examiner was in error in holding that Miller's activities in connection with his farm operations did not amount to a "material participation" in the production or management of production of agricultural commodities as is required by Section 211(a) (1) of the Social Se-

curity Act, as amended, 42 U.S.C.A. § 411 (a) (1). The question is one fully reviewable by this Court. Conley v. Ribicoff, 294 F.2d 190 (9 Cir., 1961), Miller v. Burger, 161 F.2d 992 (9 Cir., 1947).

■ We cannot review the facts found by the examiner, made the basis of the final decision of the Appeals Council, these being conclusive unless there is no substantial evidence in the record to support them. 42 U.S.C.A. § 405(g). Hayes v. Celebrezze, 311 F.2d 648, (5 Cir., 1963), and authorities therein cited.

The examiner's findings, we believe, correctly reflect the facts established by the evidence, which we summarize for purposes of this opinion as follows:

Mr. Miller became 65 years of age on April 8, 1942. He was 82 years of age at the time he made application for benefits on April 10, 1959. He had "retired" from active work about 7 years prior thereto, and had operated his farm of some 140 arpents (approximately 121 acres) through two "tenants", who planted cotton, corn and sweet potatoes, receiving two-thirds of the crop as their share, with one-third being the "landlord's" share. The agreement was oral, Miller's participation in the arrangement consisting of (a) inspecting the crops three or four times a month (b) paying one-third of the cost of fertilizer, poisons and all labor hired, (c) absorbing one-third of the loss, if any, (d) during his periodic visits to inspect the crops and premises, he consulted with and advised his "tenants" as to the amount and kind of fertilizer or poisons to use, where to plant, and indicated to them the seasons in which to plant.

The "tenants", on the other hand, furnished the seed, worked the crops, actually hired the labor when required, purchased and attended to application of the fertilizers and poisons, and in general ran the farming operation, including sale of the products raised.

■ We believe, and so hold, that the hearing examiner was in error in holding this claimant ineligible under the "material participation" requirements of the Act. This type of arrangement is usual in cultivation of row crops in this section of the state. These are small operations, as is witnessed by the fact that Mr. Miller has two "tenants" on 121 acres of land. There is here a joint venture between the owner and the tenant, in which they both participate. The contribution of the owner, while small, is of significance when considered in relation to the operation as a whole.

Under such an agreement, the interest of the landowner in the management, production and marketing of the crops so as to secure maximum yield is manifest. That he did not have to exercise his prerogatives to require that the work be done in a husband-like manner is, we think, his good fortune in selecting experienced tenants in the first instance, which is itself a decision of significance in such farming operations.

In Henderson v. Flemming, 283 F.2d 882 (1960), the Fifth Circuit Court of Appeals had this to say:

"When it comes to interpreting the phrase 'materially participates' in the production or management of production of agricultural commodities, we think that Congress likewise used these words in a sense consistent with the broadening of coverage. Mere ownership of property let out to another on some basis by which the amount payable for use (rent) might come from crops produced was not an activity which Congress regarded as an employment or as generating income from employment. The 1956 Amendment did not touch this. But the variables of our complex rural economy, well known to Congress, presented other situations in which the owner of the land did much more than furnish the land (and for which he would receive his rental). He might, under the arrangement, determine the crops to be planted, the areas to be cultivated, the time of planting, the fertilization program, and the manner and time of harvesting. *If these activities were of a*

*material, i. e., substantial importance from a practical point of view, then the Amendment was to make such activities self-employment by the owner and the proceeds income from self-employment.* Although Congress did not undertake to phrase it in any such legal categories, *this was a recognition that under some arrangements, the two, the owner of the land and the so-called tenant, are engaged in a joint venture. The result would be that the owner of the land, as well as the tenant, would, in this way, be engaged in the business of farming."* (Emphasis supplied.)

Similar conclusions have been reached in Conley v. Ribicoff, 294 F.2d 190 (9 Cir., 1961); Birdie v. Ribicoff, 194 F. Supp. 809 (N.D.Iowa 1961); Wifstad v. Ribicoff, 198 F.Supp. 198 (D.N.D.1961); Vance v. Ribicoff, 202 F.Supp. 790 (E.D. Tenn.1961); which decisions, we think, correctly set forth the Congressional intent in this instance. Cf: Hoffman v. Ribicoff, 305 F.2d 1 (8 Cir., 1962); Foster v. Flemming, 190 F.Supp. 908 (N.D. Iowa, 1960).

In Birdie v. Ribicoff, supra, it was held that the Act does not require the owner to make final managerial decisions with regard to the operation of the farm, as it results from the very nature of the engagement that such decisions be made jointly, after consultation between the parties. With this we agree.

The liberal interpretation of the statute reflected by these decisions is further strengthened by Senate Report 2133, (U.S.Congressional & Admr.News, 84th Congress 2nd Session, 1956, p. 3915) wherein it is stated:

"Under this amendment it is contemplated that the owner or tenant of land which is used in connection with the production of agricultural or horticultural commodities *must participate to a material degree in the management decisions or physical work* relating to such production in order for the income derived therefrom to be classified as 'net earnings from self-employment.' The committee is of the opinion that in any case in which the owner or tenant establishes the fact that *he periodically advises or consults with such other individual as to the production of the commodities and also establishes the fact that he periodically inspects the production activities on the land* he will have presented strong evidence of the existence of the degree of participation contemplated by the amendment.

"If the owner or tenant also establishes the fact that *he furnishes a substantial portion of the machinery, implements, and livestock used in the production of the commodities or that he furnishes, or advances, or assumes financial responsibility for, a substantial part of the expense* (other than labor expense) *involved in the production of the commodities,* the committee feels that he will have established the existence of the degree of participation contemplated by the amendment." (Emphasis supplied.)

So far as is possible to formulate a test for "material participation", the Senate, in enacting the amendment in question unmistakably intended that these factors would be controlling, viz.: (1) periodic consultation and advising with the "tenant" by the landowner, (2) periodic inspection of production activities on the land, coupled with *substantial participation* in the venture *financially* by (3) furnishing machinery and equipment or (4) sharing in the expense attendant upon the operation.

It will readily be seen from the foregoing that claimant, Miller, has complied with these requirements in this case, and his motion for summary judgment is therefore granted.

Title 42 U.S.C.A. § 405(g) provides in part that: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

In this case we reverse the decision of the Secretary and remand to him for computation of benefits to which Miller is entitled under the claim filed by him, and for entry of an appropriate order in keeping with the views herein expressed.

Decree will be entered accordingly.