Anthony CELEBREZZE, Secretary of Health, Education and Welfare, Appellant,

v.

Marshall W. RALEY, Appellee.

No. 20971.

United States Court of Appeals Fifth Circuit.

April 23, 1964.

Rehearing Denied May 21, 1964.

District, March 9, 1964, Nos. 49, 50, and 51.

Sherman L. Cohn, Atty., Dept. of Justice, Washington, D. C., Kenneth J. Mighell, Asst. U. S. Atty., Dallas, Tex., Martin Jacobs, Atty., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., H. Barefoot Sanders, U. S. Atty., for appellant.

Elmer H. Parish, J. Walter Friberg, Wichita Falls, Tex., for appellee.

Before RIVES, BELL and WRIGHT,* Circuit Judges.

PER CURIAM.

This action was brought by the claimant-appellee against the Secretary of Health, Education and Welfare to review the Secretary's denial of his application for disability benefits. Sections 216(i), 223, Social Security Act, 64 Stat. 492, 70 Stat. 815, 42 U.S.C. §§ 416(i), 423. The District Court set aside the Secretary's decision and directed that the claimant be granted disability benefits. The Secretary appeals.

The Social Security Act, Section 216(i), 64 Stat. 492, 42 U.S.C. § 416(i), defines the term "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

It is undisputed that the claimant has a chronically infected ear and some degree of deafness. Since 1960 he has attempted to obtain employment by answering a few ads for "watching jobs." In this connection he stated, "They don't want you if you're over 35 years old on most everything I've asked about something I could do, or try to do. If you're over 35 years old in this town its hard to get anything, or anywhere else I've been." Raley's doctors have advised him not to engage in manual labor, apparently because of statements by the claimant to them that he has occasional dizzy spells and has fainted three times in seven years. Their advice, however, appears to be related primarily to manual labor involving stooping in an aggravated noise situation, such as that found in the oil fields where claimant formerly worked. Within the limits of his seventh grade education, claimant can perform sedentary work of any kind. Claimant now drives a pick-up truck, at least during daylight hours. Thus the record indicates that the claimant's impairment precludes him only from the performance of heavy physical labor, such as that formerly performed by him.

The Secretary found that:

"* * * [I]t may be that the claimant has not been able to carry on his usual work in his usual manner, and may not be able to obtain employment as he had heretofore, but it has not been established by the evidence that he has been unable to engage in any type of substantial gainful activity, particularly light or sedentary work, such as driving a truck or some type of motor vehicle,

---

* Of the D.C.Circuit, sitting by designation.

which the evidence shows him qualified to do."

This finding was supported by substantial evidence and is thus conclusive. Section 205(g), Social Security Act, 53 Stat. 1368, 42 U.S.C. § 405(g); Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The finding is sufficient to preclude benefits, for, as this court has stated:

"To establish a disability under 42 U.S.C.A. § 416(i) a claimant must do more than show that he is unable to do his former work; he must be unable to perform any substantial, gainful work, including work of a physically or emotionally lighter type. * * *"

Hicks v. Flemming, 5 Cir., 302 F.2d 470, 473 (1962).

The decision of the Secretary must therefore stand, and the judgment of the District Court must thus be

Reversed.