Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare,
Appellant,

v.

John MILLER, Appellee.

No. 20879.

United States Court of Appeals
Fifth Circuit.

June 18, 1964.

Sherman L. Cohn, Robert V. Zener, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Edward L. Shaheen, U. S. Atty., Washington, D. C., for appellant.

Albert John Boudreaux and Pavy & Boudreaux, Opelousas, La., for appellee.

Before BROWN, MOORE * and GEWIN, Circuit Judges.

GEWIN, Circuit Judge:

This is an appeal by the Secretary of Health, Education, and Welfare from a judgment of the District Court of the Western District of Louisiana reversing the decision of the Secretary that Miller (appellee) was not entitled to old age insurance benefits. Miller's application for such benefits was based on claimed self-employment farm income for the years 1956, 1957, and 1958. The Secretary held that such income derived from farming operations carried on by tenants or "share-croppers" did not constitute "self-employment income" as defined by the Social Security Act, 42 U.S.C.A. § 411 (b).

■ We must decide whether as a matter of law, there was error in the conclusion that there was no "material participation" on the part of the claimant Miller in the production or management of production of agricultural commodities as is required by Section 411(a) (1) of the Act as amended. Under the applicable standard of review, we cannot disturb the facts found by the Examiner and made the basis of final decision by the Appeals Council, the facts so found being deemed conclusive, unless there is a lack of substantial evidence in the record to support them. 42 U.S.C.A. § 405(g). Hayes v. Celebrezze, 311 F.2d 648 (5th Cir. 1963).

■ Self-employed farmers were placed within the coverage of the Act by a 1954 amendment to Section 411(a) (1). Under the amendment, however, rentals from crop shares continued to be excluded from coverage, but in 1956 landlords who were actively involved in and who actually participated in commodity production were included by an additional amendment which constitutes an exception to the exclusion of farm real estate rentals. This provision is often referred to as the "material participation" exception to the exclusion. The 1956 amendment provides that rental or crop share income was excepted from the exclusion if it constituted:

" * * * income derived by the owner or tenant of land if (A) such income is derived under an arrangement, between the owner or tenant and another individual, which provides that such other individual shall produce agricultural or horticultural commodities * * * on such land, and that there shall be material participation by the owner or tenant in the production or the management of the production of such agricultural or horticultural commodities, and (B) there is material participation by the owner or tenant * * *."

The amendment which creates the exception to the exclusion shows a benevolent intent to protect citizens whose income diminishes or is wiped away because of old age or disability, and on the other hand to exclude income which continues in spite of old age or disability such as the fruits of someone else's labor. Celebrezze v. Maxwell, (5th Cir. 1963) 315 F.2d 727.

Miller was 82 years of age when he applied for benefits in 1959. His activities had been greatly reduced about seven years prior to the filing of his application, but he continued to operate his farm of approximately 121 acres (140 arpents). There were two "tenants" who cultivated cotton, corn, and sweet potatoes and they received two-thirds of the crop as their share while Miller received the remaining one-third as the "landlord's share." Miller did not speak English. The agreement between Miller and his "tenants" was oral. It was understood that Miller was to inspect the

---

* Of the Second Circuit, sitting by designation.

crops three or four times a month; pay one-third of the costs of fertilizer, poisons, and all labor hired; absorb one-third of the loss if any; and during the periodic visits to inspect the crops and premises, to consult and advise with the "tenants" as to the application of fertilizer and poisons, and the time and place to plant. The tenants furnished the seed, tilled the crops, arranged for additional hired labor when necessary, applied the fertilizers and poisons, and in general conducted the farm operations.

On the same day the District Court reversed the decision of the Secretary, Miller v. Flemming (now Miller v. Celebrezze, this case), 215 F.Supp. 691 (1963), this court rendered its opinion in Celebrezze v. Maxwell, 315 F.2d 727 (1963). The Secretary relies heavily on Maxwell and contends that it requires a reversal of the case under consideration. The claim of Miller falls somewhere between the circumstances existing in Henderson v. Flemming, (5th Cir. 1960) 283 F.2d 882, and those found to exist in the Maxwell case. In Henderson the financial burden was divided equally between the claimant and the tenants. In the case at hand it was divided roughly one-third to the landlord and two-thirds to the tenants. In Maxwell the burden assumed by the claimant was far less and was in fact, almost negligible. As stated in Maxwell:

"She [the claimant] allegedly only furnished one-fourth of the expense for the cotton seed, and one-fourth of the expense for the fertilizer and poison for that seed; and *only two* of the *five* tenants grew cotton. Appellee furnished *none* of the expenses for the growing of the corn, and four of the five tenants grew corn. So overall, her expenses were small not only in actual dollars, which was determined to be 27 and 44 dollars in the two years, respectively, but percentagewise when considered with the expenses of the tenants." (Emphasis added).

Implicit in the Secretary's denial of coverage was the finding that Miller did not materially participate in the management of the farm and such finding must be sustained if supported by substantial evidence. The District Court held that such finding was not supported by substantial evidence, and we agree with the District Court. As stated in Henderson:

"But running through that whole concept [substantial evidence test] as a principal thread is the idea that the fact findings are acceptable only where it is evidence that the correct legal standard has been employed by the trier of the fact."

We do not question the facts found by the Examiner but do conclude, as a matter of law, that he was in error in holding that Miller's activities did not amount to "material participation" in the production or management of production of agricultural commodities as required by the Act. We agree with the following conclusions from Henderson:

"An owner of land who is required to (and does) furnish substantial amounts of cash, credit or supplies toward this mutual undertaking which are reasonably needed in the production of the agricultural commodity and from the success of which he must look for actual recoupment likewise makes a 'material participation.' One is hardly a mere landlord in the traditional sense if he must risk considerable funds in addition to the land in the success of the venture. And what he gets—or hopes to get—is more than rent. It is profit from the operation of a business, a business fraught with financial risks—the business of producing agricultural commodities."

In our opinion the Trial Court thoroughly understood the facts and controlling legal principles, and correctly applied the law to the facts using the proper standard of review.

The judgment is affirmed.