**LIM KWOCK SOON and Lim Kwock Min, Plaintiffs,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States of America, Defendant.**

**Civ. A. No. 7022.**

United States District Court
S. D. Texas,
Houston Division.

April 18, 1966.

Sam M. Eng, Houston, Tex., for plaintiffs.

Woodrow Seals, U. S. Atty., and Frank C. Cooksey, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

BACKGROUND:

The case was tried before me in 1956. In my findings, reported 143 F.Supp.

388, I found the case fraudulent, rejected the evidence as incredible and denied plaintiffs relief for the reason that they had not discharged their burden of proof. On appeal, Lim Kwock Soon et al. v. Brownell, Attorney General, 5 Cir., 253 F.2d 809, the action of the district court was found to be a mistake. The judgment was reversed and the cause remanded with directions that judgment be rendered declaring that Lim Kwock Soon and Lim Kwock Min, and each of them, are nationals and citizens of the United States. Judgment was entered in obedience thereto on July 28, 1958.

The case is now before the court upon Stipulation Agreeing to Order to Vacate Judgment and to enter New Judgment Dismissing Petition, filed February 23, 1966. So that same may be fully understood, such Stipulation is here quoted in full:

"It is hereby stipulated by and between plaintiffs, Lim Kwock Soon (whose true name is Lim Pak Hing), and Lim Kwock Min (whose true name is Lim Shea Park), and the Assistant United States Attorney for the Southern District of Texas, Houston Division, attorney for the defendant, as follows:

Whereas, on the 28th day of July, 1958, in the above court and cause, a judgment was made and entered adjudging plaintiffs, Lim Kwock Soon and Lim Kwock Min, nationals and citizens of the United States, and

Whereas, a fraud was perpetrated upon the court in the manner and respects more fully set forth in sworn statement of plaintiff Lim Kwock Soon (whose true name is Lim Pak Hing), dated October 10, 1965, attached as Exhibit 'A' sworn statement of plaintiff Lim Kwock Min (whose true name is Lim Shea Park) dated October 21, 1965, attached as Exhibit 'B', and sworn statement of Lim Thl dated October 19, 1965, attached as Exhibit 'C'; these references made a part of the stipulation as if fully set forth herein,

Now, therefore, it is stipulated between the parties that plaintiffs Lim Kwock Soon (whose true name is Lim Pak Hing), and Lim Kwock Min (whose true name is Lim Shea Park), are not nationals and citizens of the United States, and that an order be entered vacating and setting aside Findings of Fact and Conclusions of Law, and Judgment entered in accordance therewith, in this court and cause on July 28, 1958.

It is further stipulated that a judgment be entered as follows:

1. That plaintiffs Lim Kwock Soon and Lim Kwock Min are not nationals and citizens of the United States;

2. That said plaintiffs are entitled to no relief by their petition filed herein; and

3. That the petition be, and the same is, hereby dismissed with prejudice.

Date 2/23/66   (sgd)  Frank C. Cooksey
_____
Assistant United States Attorney
Attorney for Defendant

Date 1/19/66   (sgd)  Lim Kwock Soon          (sgd)  Lim Pak Hing
_____
Lim Kwock Soon (whose true name is) Lim Pak Hing

Date 1/19/66   (sgd)  Lim Kwock Min          (sgd)  Lim Shea Park
_____
Lim Kwock Min (whose true name is) Lim Shea Park

Date 1/19/66   (sgd)  Sam M. Eng
_____
Attorney for Plaintiffs."

On March 28, 1966, defendant filed Motion for Substitution of Party and for Order Vacating Judgment and entering New Judgment in accordance with Stipulation of Parties, submitted April 11, 1966. Form of agreed order was accordingly submitted.

## I

I entertain serious doubt that I have any authority to set aside or alter in any way the Judgment entered July 28, 1958, on order of the Court of Appeals, except on further order of that court. Furthermore, I do not consider that there is a case pending in this court. The case was closed with the Judgment aforesaid. The file has sent to the Archives in Fort Worth, from which our clerk had to retrieve it when the Stipulation was filed. The motion is therefore denied.

## II

If the case is again taken to the Court of Appeals, I would request clarification on the authority of a district judge, in a non-jury case, to find facts, judge the credibility of witnesses and perform the fact-finding functions accorded juries and other fact finders, be it they or he.

### FACT FINDINGS BY TRIAL COURT:

Review of the findings of fact of a trial court is governed by Rule 52(a) of the Federal Rules of Civil Procedure, which reads in pertinent part as follows:

"* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

The Supreme Court held in United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948), as follows:

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. at 395, 68 S.Ct. at 542.

That Court further points out that findings dependent upon credibility are to be given "great weight" but are not conclusive.

The Fifth Circuit held in Sanders v. Leech, 158 F.2d 486 (5 CA 1946), that an appellate court may reverse, even under Rule 52, in the following cases:

"(1) where the findings are without substantial evidence to support them; (2) where the court misapprehended the effect of the evidence; and (3) if, though there is evidence which if credible would be substantial, the force and effect of the testimony considered as a whole convinces that the finding is so against the great preponderance of the credible testimony that it does not reflect or represent the truth and right of the case." 158 F.2d at 487.

Western Cottonoil Company v. Hodges, 218 F.2d 158 (5 CA 1955), follows this approach.

### JURY VERDICT:

The Seventh Amendment says that "no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." The problem, of course, is the interpretation of "according to the rules of the common law."

It is difficult to generalize as to what is necessary to sustain a jury verdict. It has been stated variously as "sufficient evidence," Travelers Insurance Co. v. Warrick, 172 F.2d 516 (5 CA 1949), "substantial evidence," Aetna Life Insurance Co. v. McAdoo, 115 F.2d 369 (8 CA 1940), a "reasonable basis," Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404 (1957). The following quotation from Lavender, Adm'r, v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946), states the Supreme Court's view on the subject:

"It is no answer to say that the jury's verdict involved speculation and conjecture. Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation

and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. *Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear.* But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable." (emphasis supplied) 327 U.S. at 653, 66 S.Ct. at 744.

Lip service is given constantly to the proposition that issues of credibility are for the jury. See, e. g. Egan Chevrolet Co. v. Bruner, 102 F.2d 373, 122 A.L.R. 987 (8 CA 1939).

FACT FINDINGS OF REFEREE IN BANKRUPTCY:

The general rule is that findings of fact made by the Referee in Bankruptcy may not be disturbed on review unless they are clearly erroneous.

In re Schoenburg, 279 F.2d 806 (5 CA 1960; certiorari denied, 364 U.S. 923, 81 S.Ct. 290, 5 L.Ed.2d 262), at page 807:

"Under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and Bankruptcy General Order 36, 11 U.S.C.A. following section 53, this Court is precluded from interfering with the order of a district court confirming a fact finding of a referee in bankruptcy unless error is clearly demonstrated. Langham, Langston & Burnett v. Blanchard, 5 Cir., 1957, 246 F.2d 529; Porterfield v. Gerstel, 5 Cir., 1957, 249 F.2d 634; United States v. Munro-Van Helms Co., 5 Cir., 1957, 243 F.2d 10. As regards the first appeal here discussed there has been a failure to show any error and the order appealed from must be affirmed."

In Lawrence Warehouse Company v. McKee, 301 F.2d 4 (5 CA 1962), the Court of Appeals for the Fifth Circuit held that "[t]he finding of the Referee is buttressed by the denial of the petition to review by the District Court," following a similar decision of that court in Gunzburg v. Johannesen, Trustee, 300 F.2d 40 (5 CA 1962).

General Order 47 of the Supreme Court provides that "the judge shall accept his (the Referee's) findings of fact unless clearly erroneous." Griffin v. Kelley, Trustee, 227 F.2d 258 (5 CA 1955), puts the burden upon the appellant of showing the referee's findings, adopted by the District Judge, clearly erroneous.

INTERSTATE COMMERCE COMMISSION:

The findings of the Interstate Commerce Commission must be accepted by the courts if there is "substantial evidence" to support them. Reconstruction Finance Corp. v. Bankers Trust Co., 318 U.S. 163, 63 S.Ct. 515, 87 L.Ed. 680 (1943). Review of the Commission's decisions does not amount to a trial de novo. Edwards Motor Transit Co. v. United States, 201 F.Supp. 918 (M.D.Pa. 1962). Furthermore, "[t]he credibility of witnesses and weight of evidence are for the Commission and not for the courts, and its findings will not be reviewed * * * if supported by evidence." Merchants' Warehouse Co. v. United States, 283 U.S. 501, 508, 51 S. Ct. 505, 508, 75 L.Ed. 1227 (1931).

NATIONAL LABOR RELATIONS BOARD:

Findings of the National Labor Relations Board are also sacrosanct if supported by "substantial evidence." NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660 (1939). The Supreme Court explains that "[s]ubstantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. of New York v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126

(1938). The findings of the trier of the facts are "unreviewable" where they are based upon credibility or demeanor inferences. NLRB v. Dinion Coil Co., 201 F.2d 484 (2 CA 1952).

## LAND CONDEMNATION CASES:

Commissioners in land condemnation cases are appointed in accordance with Rule 71A(h) and Rule 53 of the Federal Rules of Civil Procedure. Rule 53(e)(II) provides that the findings of the commissioners must be accepted unless clearly erroneous. See United States v. Tampa Bay Garden Apartments, Inc., 294 F.2d 598 (5 CA 1961). The Fifth Circuit, relying on the United States Gypsum case, supra, has interpreted the "clearly erroneous" standard to mean that a reviewing court may reverse if it has a firm conviction, on the basis of the entire evidence, that a mistake has been committed. United States v. Certain Lands in City of Statesboro, 341 F.2d 742 (5 CA 1965).

## SOCIAL SECURITY CASES:

The Social Security Act, 42 U.S.C.A. § 405(g), states that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, *shall be conclusive.*" (emphasis supplied) The courts generally do not attempt to define the term "substantial evidence" further, but merely apply the amorphous standard to each set of facts. See Celebrezze v. Raley, 330 F.2d 755 (5 CA 1964). Celebrezze v. Miller, 333 F.2d 29 (5 CA 1964). The conclusiveness attaches to inferences drawn from the facts found, as well as to the facts themselves. Celebrezze v. O'Brient, 323 F.2d 989 (5 CA 1963).

## AGRICULTURAL ADJUSTMENT ACT CASES:

Rulings of the Secretary under the Agricultural Adjustment Act must stand if supported by substantial evidence. Freeman v. Hygeia Dairy Co., 326 F.2d 271 (5 CA 1964). Wawa Dairy Farms, Inc. v. Wickard, 149 F.2d 860 (3 CA 1945). The weight of the evidence is a question for the Secretary, not for the courts. New York State Guernsey Breeders' Co-Op., Inc. v. Wickard, 141 F.2d 805, 153 A.L.R. 1165 (2 CA 1944), cert. den. 323 U.S. 725, 65 S.Ct. 58, 89 L.Ed. 582 (1944).

## DEPUTY COMMISSIONER UNDER THE LONGSHOREMEN'S AND HARBOR WORKERS' COMPENSATION ACT:

The Longshoremen's and Harbor Workers' Compensation Act provides for review by proceedings instituted in the Federal District Court for the Judicial District in which the injury occurred pursuant to 33 U.S.C.A. § 921(b) providing that, if a compensation order is not in accordance with the law, it may be suspended or set aside, in whole or in part, through injunction proceedings brought by a party at interest against the Deputy Commissioner rendering such Order.

The procedure for review of compensation orders under the Longshoremen's and Harbor Workers' Compensation Act is governed by the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., which requires the application of the substantial evidence rule. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951). The standard to be used in applying the substantial evidence rule is that set forth in Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The scope of judicial review is actually sharply limited, and the order may not be suspended or set aside through injunction proceedings, unless it is not in accordance with law or it is unsupported by substantial evidence when viewing the record as a whole.

The functions of the two tribunals which are involved in such proceedings, the United States Employees' Compensation Commission on the one hand, and the United States District Court on the other, distinctly differ. Each has, solely by force of the Act, a special and limited jurisdiction, and it is significant to examine the statutory duty of the District Court in reviewing the Formal Award issued by a Deputy Commissioner. The distinction is clearly drawn in Independ-

ent Pier Co. et al. v. Norton, 54 F.2d 734 (3 CA 1931), as follows:

"The Longshoremen's & Harbor Workers' Compensation Act is administered by the United States Employees' Compensation Commission acting on cases of injury through Deputy Commissioners having jurisdiction in their respective Districts.

The Commission is a tribunal with executive or administrative functions which involve to a certain extent the exercise of judicial powers. It is similar to many other tribunals created especially to administer some one law or system or laws, as the Post Office Department, Land Department, Veterans' Bureau, Immigration Board, Commissioner of Internal Revenue in reference to the National Prohibition Act. (Citing cases). *Findings of fact made by these tribunals are uniformly regarded as conclusive.* Cases supra. Even so, by some acts and expressly the Act here in question, jurisdiction to review and reverse a decision of the administrative tribunal is conferred upon the District Court in the appropriate District, if the decision 'is not in accordance with law.' Its jurisdiction does not extend to a review on the merits empowering the court to arrive at a different judgment on the same facts but is limited to an inquiry and decision whether on the law and the facts the action of the tribunal is based upon an error of law or is wholly unsupported by the evidence or clearly arbitrary or capricious. * * *" (emphasis supplied)

In other words, the findings of fact of the Deputy Commissioner in a proceeding under the Longshoremen's and Harbor Workers' Compensation Act are entitled to great weight, and these findings are not to be set aside if supported by the evidence and not inconsistent with the law, even though the basic facts from which the Deputy Commissioner drew his inference are undisputed rather than controverted. Cardillo v. Liberty Mutual Insurance Company, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947). In short, a United States District Court is without power under the Longshoremen's and Harbor Workers' Compensation Act to try and determine issues de novo by making new and independent findings based upon its own appraisal of the evidence. Marshall v. Pletz, 317 U.S. 383, 63 S.Ct. 284, 87 L.Ed. 348 (1943); O'Leary v. Brown-Pacific-Maxon, supra.

GENERAL DISCUSSION:

Apparently, fact findings under the various procedures, the jury, the referee, the Interstate Commerce Commission, the National Labor Relations Board, the Secretary, or his delegate, in Social Security cases and Agricultural Adjustment Act cases, the Deputy Commissioner in cases under the Longshoremen's and Harbor Workers' Compensation Act, are all entitled to more standing and dignity than the findings of a District Judge. I quote again from Merchants' Warehouse Company v. United States et al., 283 U.S. 501, 508, 51 S.Ct. 505, 508, "The credibility of the witnesses and weight of evidence are for the Commission and not for the courts * * *." In the instant case, Lim Kwock Soon et al., I judged the credibility of the witnesses and rejected their testimony as incredible.

The findings of a jury, especially on credibility, are usually considered conclusive if the jury was properly instructed. We usually instruct juries that they are the *exclusive* judges of the facts proved, of the credibility of the witnesses and of the weight to be given to their testimony and that in analyzing and considering and weighing and finally determining what are the true facts, they have the right, and they alone have the right, to accept as true or reject as false, in whole or in part, the testimony of each and every witness who has appeared before them. We also instruct juries that if a witness is shown knowingly to have testified falsely concerning any material matter, they have a right to distrust such witness's testimony in other particulars and that they may reject all of the testimony of that witness or give it such credibility as they may think it deserves. We also instruct juries that they may

judge credibility by any fair standards, that they may consider any interest the witness may have in the case, that they may observe the manner and demeanor of the witness while on the stand and the way he looked and the way he responded to questions. I was taught that credibility of witnesses was reserved exclusively to the fact finder, be it they or he, because the fact finder had a better opportunity to see, hear and observe the witness than those who review the cold record.

So I seek clarification as to why a District Judge, trying a case without a jury, cannot with the same assurance apply the same standards and why his findings are not entitled to the same conclusiveness as that of the jury, the referee, etc.

True copies hereof will be forwarded by the clerk to the attorneys of record.