**David E. HICKS, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

**No. 11609.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 11, 1968.

Decided March 14, 1968.

E. Carl Meadows, Jr., Beckley, W. Va. (Clay S. Crouse, Beckley, W. Va., and George B. Cooley, Hillsville, Va., on brief), for appellant.

William C. Breckinridge, Asst. U. S. Atty., for appellee.

Before SOBELOFF and CRAVEN, Circuit Judges, and MERHIGE, District Judge.

MERHIGE, District Judge:

This case comes before the Court by reason of the District Court's having upheld the decision of the Secretary of Health, Education and Welfare in his having sustained the hearing examiner who found that Hicks possessed residual capabilities which could be transferred to other jobs available in the local economy, resulting in the disallowance of the

claim of David E. Hicks for Social Security benefits under Title II of the Social Security Act, as amended, (42 U.S.C.A. § 405(g)).

Claimant, a 54 year old mine worker, the father of six dependent children, commenced work in the mines at age 14. Four years thereafter, to-wit: on March 23, 1932, while so working, he was struck in the back by a piece of slate ten feet long, eight feet wide and eight inches thick, and of such a weight that it was necessary for his co-workers to use a lifting jack to remove it from his body. As a consequence of that injury, the claimant sustained multiple compression fractures about the spine and the pelvis, necessitating treatment over a period of some years and incapacitating him from work for six years.

In 1964 it was discovered that in addition to the permanent disability resulting from his injuries in 1932, he was suffering from an advanced stage of silicosis which resulted in a chronic pulmonary disease. In addition to the aforementioned infirmities, in 1944 he sustained an injury to his left hand resulting in partial residual impairment of the function of same.

Claimant has been found by the Virginia Workmen's Compensation Commission to be totally disabled.

The District Court affirmed the Secretary's finding that the claimant was capable of light sedentary work.

■ The record is uncontradictable that the plaintiff was under such disability as to preclude his return to his former occupation, i. e. work in the coal mines, and having once shown this the burden shifted to the Secretary to demonstrate that there were jobs available in the local economy which the claimant, considering his age, past experience and disability, was capable of performing. Boyd v. Gardner, 377 F.2d 718, 721 (4th Cir. 1967.) See also, Carico v. Gardner, 377 F.2d 259 (4th Cir. 1967).

This Court finds that the Secretary's conclusions adopted by the District Court are not, in fact, supported by substantial evidence in reference to the claimant's residual capabilities. Having so found, it is immaterial whether there were jobs available in the local economy which the claimant would be capable of performing. We find that both the Secretary and the trial court failed to consider relevant and material objective findings concerning this claimant's residual capacity. A fair reading of the record shows that this claimant is incapable of engaging in any substantial gainful activity by reason of his medical, determinable, physical impairments for which all evidence leads to the inevitable and uncontradicted conclusion that the doctors find no reason to believe that any treatment would result in any improvement in Hicks' condition.

Hicks, as a result of his injury of 1932, walks with a limp and suffers from post-traumatic pain to such an extent that some 34 years after the injury Dr. C. B. Bray, an orthopaedic consultant to whom the claimant was sent for examination by the Secretary found "considerable muscle spasm present in the para-spinal area." The claimant has not been able to engage in any work, other than for approximately ten days, since 1964. He is incapable of sitting or standing for any prolonged periods. X-rays show that in 1965 he had a considerable degree of sclerosis of the bone of the articula facets, and x-rays of his chest show that he not only has coal worker's pneumoconiosis, but has a loss of approximately 55% of his expected work capacity due to inability to take oxygen into the lungs and get it into his blood. The doctors, in addition, find suspected emphysema in both lungs, as well as advanced osteo-arthritic deformities. As late as 1966 x-rays showed old compression fractures of the lumbar vertebrae 2 and 4, as well as a fusion between L-3 and L-4, in addition to marked anterior wedging of L-4.

While the Court is not bound to the degrees of disability found by the Compensation Commission, the record shows that with his loss of work capacity due to his silicosis, coupled with the presenta-

tion of disability given because of his back injury, his over all disability is well established.

■ The claimant's maladies must be considered in combination and must not be fragmentized in evaluating their effects. Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

The Secretary's finding that the claimant was capable of light, sedentary work overlooks the medical evidence which shows that any rehabilitation of this man would of necessity have to be limited to fields that exclude any form of physical exertion whatever.

It would appear that the medical testimony in reference to this man's capabilities is to some extent in conflict, in that certain of the medical testimony results in opinions that he could engage in light or sedentary work from a physical standpoint, while other of the medical evidence, as heretofore mentioned, precludes any form of physical exertion whatever.

■■ This Court does not find the Secretary's findings, which were sustained by the District Court, as being based upon substantial evidence. While the Court is not to try the case de novo, the Court must not abdicate its required function to scrutinize the record as a whole to determine whether the conclusions reached have a reasonable basis in law. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L. Ed. 456 (1951); Boyd v. Folsom, 257 F. 2d 778, 781 (3rd Cir. 1958).

■ Before making a finding of a claimant's ability or inability to engage in any substantial gainful activity as contemplated by the law, there is a duty to consider the objective medical facts, which are the clinical findings of examining or treating physicians divorced from their expert judgment or opinions as to the significance of the clinical findings; (2) the medical opinions of these physicians; (3)the subjective evidence of pain and disability testified to by the claimant and corroborated by other evidence; and (4) the claimant's background, work history and present age. Underwood v. Ribicoff, supra; Redden v. Celebrezze, 361 F.2d 815, 816 (4th Cir. 1966).

■ Weight should be given to the findings of the Virginia Compensation Commission even though same is not determinative of the issue. Hayes v. Celebrezze, 311 F.2d 648, 654 (5th Cir. 1963).

It is patently obvious from the record that the plaintiff is afflicted with pain which, when coupled with his other disabilities, including the demonstrated post-traumatic changes in the lumbar spine and the osteo-arthritic changes, exhibit that he is a person who cannot stand or sit for any length of time; that he must have frequent recourse to bed rest during the day as a means of alleviating his pain; that he is possessed of no specialized trade, skill or occupational training, except that for which it is admitted by all he is now incapable of performing; and that he possesses limited formal education. The foregoing precludes any conclusion which warrants a finding that the Secretary's conclusions were based on substantial evidence.

Having come to the conclusion that both the Secretary and the trial court, in this instance, disregarded the corroborated evidence leading to the inevitable conclusion that this claimant has no residual capacity, this Court is empowered to, and indeed is duty bound, to reverse, and we so do.

The Court therefore finds that the appellant has been and will be unable to perform any substantial gainful activity by reason of medically determinable, physical impairments of a permanent nature, and the record being barren of substantial evidence to the contrary, this case is remanded to the District Court to the end that appropriate orders may be entered therein directed to the Secretary of Health, Education and Welfare, that the appellant be granted the period of disability and disability insurance benefits to which he would have been entitled had his application of June 5, 1964 been approved.

Remanded.