Sarah E. McCARTY, Plaintiff-Appellant,

v.

Elliot L. RICHARDSON, Secretary of Health, Education, and Welfare, Defendant-Appellee.

No. 71-2907

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 4, 1972.

Joseph H. Montgomery, Poplarville, Miss., for plaintiff-appellant.

Robert E. Hauberg, U. S. Atty., L. K. Travis, Jackson, Miss., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Appellant here seeks review of a district court determination upholding the Secretary's administrative decision to discontinue Social Security Disability benefits previously received. The administrative record reveals that Mrs. McCarty had received benefits due to claimed disabilities resulting from acute anxiety. The Social Security Administration Hearing Examiner after review-

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al, 5th Cir., 1970, 431 F.2d 409, Part I.

**4**

ing all the testimony introduced at a hearing called to re-examine Appellant's eligibility for benefits, concluded that she was not disabled within the meaning of the Act, and discontinued benefits. Appellant contends that there was no reason to suspend her benefits as her anxiety producing condition, hyperthyroidism, had not changed. Without restating the facts already extensively discussed by the district court, the crux of the record is that appellant's hyperthyroid condition is remedial by relatively low risk surgery. Mrs. McCarty, however, has refused to consent to the procedure.

■ Our review in appeals from Social Security Administration determinations is extremely narrow. Under the Social Security Act [1] review is limited to the questions of whether the administrative determination was made upon correct legal standards and is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L. Ed.2d 842 (1971); Martin v. Finch, 415 F.2d 793 (5th Cir., 1969); Celebrezze v. Raley, 330 F.2d 755 (5th Cir., 1964).

■ The Act provides that social security disability payments are available to those claimants otherwise qualified, who are disabled within the meaning of the Act. Disability is defined to mean:

". . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental · impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S. C.A. § 423(d) (1) (A).

For the purposes of determining whether an individual is disabled within the meaning of the Act, Section 423(d) (2) provides:

"(A) an individual . . . shall be determined to be under a disability

only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether * * * a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), work which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

The Social Security Administration by administrative regulation has announced its view that a claimant for disability benefits who refuses to proceed with her attending physician's instructions to alleviate the disabling condition, is not disabled within the meaning of the act. 20 C.F.R. 404.1507. Counsel for the Secretary submits that Mrs. McCarty's refusal to undergo corrective surgery places her within the ambit of this rule. While we agree that the regulation prohibiting payment of disability benefits to a claimant whose condition is remedial but who consciously refuses to proceed with corrective measures is a sound one, we do not perceive it to be a claimant's burden to undergo any and all surgical procedures suggested by her physician lest she be barred from disability benefits. Knox v. Finch, 427 F.2d 919 (5th Cir., 1970); Purdham v. Celebrezze, 349 F.2d 828 (4th Cir., 1965); Ratliff v. Celebrezze, 338 F.2d 978 (6th Cir., 1964). If the administrative and district court determinations of disentitlement were grounded solely on Regulation 20 C.F.R. 404.1507, we would be inclined to reverse and order restoration of benefits. Here, however, Appellant has failed to discharge her statutory burden of demonstrating by objective, medical, clinical or laboratory evidence

---

1. 42 U.S.C. § 301 et seq. The judicial review provision is found at 42 U.S.C. § 405(g).

that her hyperthyroid condition was disabling. The Act required no less: 42 U.S.C.A. § 405(g).

The district court's award of summary judgment for the Secretary of Health, Education, and Welfare is affirmed.