Rose L. SMITH

v.

Caspar W. WEINBERGER, Secretary,
Department of Health, Education
and Welfare.

Civ. No. B-74-922.

United States District Court,
D. Maryland.

May 28, 1975.

C. Christopher Brown, Legal Aid Bureau, Inc., Baltimore, Md., for plaintiff.

Jervis S. Finney, U. S. Atty., and Thomas L. Crowe, Asst. U. S. Atty., Baltimore, Md., for defendant.

MEMORANDUM

BLAIR, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for review of a final decision by the Secretary of Health, Education, and Welfare denying her claim for disability insurance benefits. Plaintiff claims that the Secretary's decision finding no disability is not supported by substantial evidence. Both sides have moved for summary judgment. Alternatively, plaintiff has moved for a remand.

Plaintiff filed her application for a period of disability and disability insurance on July 28, 1972. After a de novo hearing before an administrative law judge on January 8, 1974, the judge found that plaintiff was not under a physical or mental impairment sufficiently severe to prevent her from engaging in substantial gainful activity on or before September 30, 1967—the date she last met the special earnings requirement. Accordingly, the adminis-

trative judge found that plaintiff was not "disabled" within the meaning of the Social Security Act and therefore held that she was not entitled to benefits. This decision was approved by the Appeals Council on August 6, 1974, and thus became the final decision of the Secretary for purposes of judicial review.

Section 405(g) provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g) (1970). Hence, judicial review is limited to whether the Secretary applied the correct legal standards, Knox v. Finch, 427 F.2d 919 (5th Cir. 1970), and whether the decision is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence" has been defined as more than a scintilla but less than a preponderance. *Id.* at 776. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Further, while the court may not try the case de novo, "the Court must not abdicate its required function to scrutinize the record as a whole to determine whether the conclusions reached have a reasonable basis in law." Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir. 1968).

In order that the court on review may make a proper evaluation of the findings and decision based upon the administrative record, the administrative law judge must make explicit findings on all facts that are essential to the conclusion of ineligibility. Choratch v. Finch, 438 F.2d 342, 343 (3d Cir. 1971); *see* Williams v. Celebrezze, 359 F.2d 950, 952 (4th Cir. 1966). The administrative judge's evaluation should include specific findings of subordinate facts upon which the ultimate factual conclusions are based, so that the court will know the basis for the decision. Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). As the court may not speculate as to the administrative judge's findings, Williams v. Celebrezze, *supra* at 952, they must be made clear and explicit, *id.* at 954 (Boreman, J., concurring), and failure to do so may be cause for a remand. *Id.*; Choratch v. Finch, *supra.*

The administrative law judge also has a duty to inquire into the claims asserted "in a manner that will *fully* and *fairly* develop the facts." Garrett v. Richardson, 471 F.2d 598, 603 (8th Cir. 1972) (emphasis in original). If a fact essential to an ineligibility determination has not been so developed, the cause may be remanded for a sufficiently clear and fair determination of disability or not. Landess v. Weinberger, 490 F.2d 1187, 1189 (8th Cir. 1974).

Under the Social Security Act, "disability" is defined as

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

42 U.S.C. § 423(d)(1)(A) (1970). The claimant has the burden of proving such an impairment, and before a disability will be found, the claimant must show that the impairment prevented him from engaging in substantial gainful employment. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). However, once the claimant has shown that the impairment renders him unable to perform his customary occupation, the burden of proof shifts to the Secretary to show that the claimant, given his age, education, and work experience, has the capacity to perform a specific job that exists in the national economy. Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975). If there are no findings as to the latter, the Secretary's decision can be sustained only if there is substantial evidence that the claimant's impairment does not prevent him from engaging in his previous customary occupation. Herridge v. Richardson, 464 F.2d 198 (5th

Cir. 1972); Besseck v. Finch, 342 F. Supp. 957 (W.D.Va.1972).

Before making a finding of the claimant's ability or inability to engage in any substantial gainful activity, the Secretary must consider (1) the objective medical facts (clinical findings); (2) the medical opinions of the examining or treating physicians based upon those facts; (3) the subjective evidence of pain and disability testified to by the claimant and corroborated by other evidence; and (4) the claimant's background, work history, and present age. Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir. 1968). The claimant's impairments "must be considered in combination and must not be fragmented in evaluating their effects." *Id.* Further, the administrative law judge must explicitly consider the claimant's subjective symptoms. DePaepe v. Richardson, 464 F.2d 92, 99 (5th Cir. 1972). While he has a right as finder of fact to reject such testimony entirely, failure to explicitly do so could lead to a conclusion that he failed to consider it at all. Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). To so disregard the claimant's subjective symptoms is error and grounds for reversal. DePaepe v. Richardson, *supra;* Black v. Richardson, 356 F.Supp. 861, 871 (D.S.C.1973).

When the plaintiff Rose Smith was treated in 1965 and 1966, she was diagnosed as having a heart murmur, hypertension, and meningovascular syphilis, which was found to be the cause of right complete ophthalmoplegia. During her hospitalization in August of 1967, immediately before the expiration of her special earnings requirement status, she was diagnosed as having tuberculosis of the lymph nodes and intestines; lymphogranuloma venereum with proctitis, suspected; and anemia due to chronic blood loss. Subsequent medical treatment disclosed that plaintiff was also suffering from neurosyphilis, pulmonary tuberculosis, and chronic alcoholism, although it is not clear as to the time of the onset of these diseases.

Mrs. Smith never attended school due to a childhood illness. She cannot read or write, and she signs her name with an "X." She first went to work when she was eleven years old packing and wrapping candy bars and shelling peanuts at Planter's Nut and Chocolate Company in Virginia. She later worked in a food processing plant. She last worked in a canning factory packing vegetables and performing clean-up work around the conveyor belt. She quit working at the factory in 1963.

The administrative law judge's evaluation of the medical evidence is set forth in three short paragraphs:

> When hospitalized in 1967, the claimant rejected placement in a tuberculosis sanatorium for treatment of the pulmonary tuberculosis; hence, she cannot claim that she is disabled by reason of this condition.
>
> The ophthalmoplegia and its underlying cause, found in 1965, responded to treatment and was not found when treatment was given in August and September 1967.
>
> The iron deficiency anemia also is shown to respond to therapy and this condition cannot be considered a disability.

(Tr. 19). The judge thereupon made his ultimate finding that plaintiff was not disabled within the meaning of the Social Security Act, therefore holding her ineligible for benefits. Since there was no evidence or finding that Mrs. Smith was able to engage in any other work available in the economy, this decision may stand only if there was a conclusion that her impairments did not prevent her from engaging in her previous customary employment and that conclusion is supported by substantial evidence. *See* Mode v. Celebrezze, 359 F.2d 135, 137 (4th Cir. 1966).

The plaintiff's main contention is that the administrative judge erred in

refusing to consider her tuberculosis condition as a cause of disability. The judge refused to do so because the plaintiff had rejected the idea of treatment in a sanatorium when suggested by her treating physician in September of 1967. The judge apparently relied on Section 404.1507 of the Social Security Regulations, 20 C.F.R. § 404.1507. (Tr. 18–19). That section provides, in pertinent part:

> An individual with a disabling impairment which is amenable to treatment that could be expected to restore his ability to work shall be deemed to be under a disability if he is undergoing therapy prescribed by his treatment sources but his impairment has nevertheless continued to be disabling or can be expected to be disabling for at least 12 months. However, an individual who willfully fails to follow such prescribed treatment cannot by virtue of such failure be found to be under a disability. Willful failure does not exist if there is justifiable cause for failure to follow such treatment.

It is apparent from this section that four elements are required in order to justify the judge's refusal to consider a particular impairment as a disability.

(1) The impairment must have been amenable to treatment so as to restore the claimant's ability to work. Hall v. Gardner, 403 F.2d 32 (6th Cir. 1968). In the context of this case, the treatment would have to be expected to restore Mrs. Smith's ability to return to her former work in connection with foodstuffs.

(2) The treatment must have been prescribed.

(3) The treatment must have been refused.

(4) The refusal must have been willful; willfullness does not exist where there is a justifiable excuse for the refusal.

This court believes that the administrative judge erred in refusing to consider Mrs. Smith's tuberculosis condition on the basis of the regulation. As such, reversal is required. McCarty v. Richardson, 459 F.2d 3, 4 (5th Cir. 1972).

First, it is clear from the record that this issue was never raised at the hearing. The judge did not inform the plaintiff that he was at all concerned with the issue, and hence, the factual circumstances surrounding the rejection of sanatorium treatment were never developed. While it is true that the claimant has the burden of proof on the issue, the administrative judge is in the peculiar position of adjudicator while also being charged with developing the facts. Landess v. Weinberger, 490 F.2d 1187, 1189 (8th Cir. 1974). The hearing is not a traditional adversary one. As the issue of willful refusal is in the nature of the Secretary's "defense," the administrative judge should at least raise the issue so that the plaintiff will have an opportunity to develop the surrounding factual circumstances. Here, the record does not reflect the reasons why Mrs. Smith refused the sanatorium treatment. Such a finding is critical to the determination of "willfulness." Thus, for example, the claimant's justifiable fear of the treatment, Martin v. Ribicoff, 195 F.Supp. 761, 772 (E.D. Tenn.1961), or the physician's uncertainty as to its success in rehabilitating the claimant, Ratliff v. Celebrezze, 338 F.2d 978 (6th Cir. 1964), might be justifiable excuses for refusal. Plaintiff understandably failed to attempt development of such facts at the hearing. Because the facts concerning a determinative issue in the case were not fully developed at the administrative hearing, a remand for further proceedings is required.

Second, the administrative judge made no explicit findings concerning the underlying elements set forth above. However, the result reached necessitates a conclusion that he impliedly found all of the elements satisfied. This finding is not supported by substantial evidence. The only evidence in the record concerning the issue

is the statement by the treating physician in the plaintiff's hospital record upon discharge in September of 1967:

> The house staff was reluctant to discharge this patient, who was still febrile from suspected tuberculosis. This was discussed with the attending physician, and it was felt that the patient could be followed as an outpatient, as she was not acutely ill, and it was felt she was not contagious. It was suggested that the patient be placed in a TB sanatorium. The patient completely rejected this idea. Because of the patient's sincerity and her past history of regular clinic visits, it was decided to discharge the patient to be followed in the outpatient department.

(Tr. 95). It is clear from this that Mrs. Smith indeed refused sanatorium treatment. However, there is no evidence that such treatment would have enabled Mrs. Smith to return to her former work in a food factory, evidence that would be necessary to refute the strong contrary inference arising from the very nature of the disease. For all the record shows, the administrative judge did not even consider this point.

Further, the sanatorium treatment was not actually prescribed, but only "suggested" by the treating physician. The prescribed treatment was outpatient care, which Mrs. Smith apparently underwent. The claimant does not have the burden to undergo any or all treatments suggested by her physician lest she be barred from disability benefits. McCarty v. Richardson, 459 F.2d 3, 4 (5th Cir. 1972). At the very least the administrative judge should be required to make a finding of whether or not the treatment that plaintiff had foregone would have been more effective than that she had actually received.

Finally, there is no substantial evidence that Mrs. Smith's refusal was "willful." There is every indication from the quoted statement that her doctors believed plaintiff's attitude in refusing sanatorium treatment to be reasonable and sincere. Under such circumstances, especially where alternative treatment is actually prescribed, the refusal cannot be deemed willful. *Cf.* Ratliff v. Celebrezze, 338 F.2d 978 (6th Cir. 1964). Because the facts on this issue were not developed and because the administrative judge's implied findings are not supported by substantial evidence, a reversal is required.

Plaintiff argues that the case should not be remanded for a further hearing, but rather the court should order an award of disability benefits. The long delay in the processing of Mrs. Smith's claim, given her present physical and financial conditions, is a matter of concern. However, the court is hesitant to order an award of benefits on the present state of the record. The plaintiff has the burden of proving that her physical impairments prevent her from resuming her customary work. While the inference is reasonable that even a treated and noncontagious tuberculosis condition would prevent Mrs. Smith from working with foodstuffs, the court does not believe that the fact is judicially noticeable on appeal. Because the administrative judge erroneously ruled that plaintiff had willfully refused treatment, he had no occasion to make a finding as to whether or not the treatment actually undertaken by the plaintiff could have been expected to restore her ability to return to her customary occupation. The court may not speculate as to what the administrative judge would have found. *See* Williams v. Celebrezze, 359 F.2d 950, 952 (4th Cir. 1966). Under such circumstances, a remand is in order. Upon remand on this issue, the administrative judge should consider: Whether the plaintiff's condition was (1) a disabling impairment, (2) whether it was amenable to treatment that would have enabled her to return to her customary occupation and whether such treatment was prescribed, (3) if the treatment was not followed, whether there was a nonwillful refusal or justifiable excuse, (4) if the treatment was followed, whether the condition continued to be disabling

for 12 months, and when, if ever, the condition ceased to be disabling. *See* Hope v. Secretary, H.E.W., 347 F.Supp. 1048, 1054 (E.D.Tex.1972).

 Since further proceedings are necessary, attention should be given to several other grounds. First, the administrative judge did not consider any impairments that were diagnosed subsequent to September 30, 1967 in determining whether she was disabled on that date. He correctly observed that any impairments arising after that date "may not be considered . . . in arriving at a determination as to whether or not the claimant is 'disabled.'" (Tr. 18). Nevertheless, some of the subsequently discovered ailments are progressive in nature, leading to an inference that they existed prior to September 30, 1967. While the administrative judge as finder of fact has a right to reject such an inference based on the evidence, he should nevertheless consider the evidence and make his finding explicit. *Cf.* Baerga v. Richardson, 500 F.2d 309, 312–13 (3d Cir. 1974).

 Second, the administrative judge inexplicably failed to consider the effect of the lymphogranuloma venereum (a type of veneral disease), which was diagnosed in September of 1967. While this condition was mentioned in his summary of medical evidence (Tr. 17), he failed to make any findings concerning the condition in his "Evaluation of Medical and Vocational Factors." (Tr. 18–19). The only mention of any form of venereal disease was his brief treatment of the "ophthalmoplegia and its underlying cause," which was the meningovascular syphilis diagnosed in 1965. The administrative judge should make specific findings as to the existence of the lymphogranuloma venereum in 1967 and as to its effect on Mrs. Smith's ability to perform her customary work.

Third, of the plaintiff's impairments that the judge did evaluate, it is possible that he considered them only in a fragmented manner, separate from each other, rather than considering the combination of their effects on Mrs. Smith's ability to work. This would be error. Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir. 1968); Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974). He also failed to find explicitly whether or not even a treated syphilis condition would enable plaintiff to return to her customary occupation.

 Finally, the administrative law judge made no findings concerning the subjective factors indicated by the testimony of Mrs. Smith and her husband. Plaintiff testified that she often "falls out," that she must spend the biggest part of her time lying down, and that she is unable to do housework at times. This testimony was corroborated by her husband. The administrative judge did not address himself to this testimony in considering whether she was disabled within the meaning of the Social Security Act. Again, the judge has a right to reject their testimony entirely, "but failure to indicate rejection could lead to a conclusion that he neglected to consider it at all." Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). Such neglect is error. DePaepe v. Richardson, 464 F.2d 92, 99 (5th Cir. 1972). Accordingly, the Secretary's decision will be reversed and remanded for further proceedings consistent with this opinion.[1] An appropriate order will be entered separately.

[1]. At the administrative hearing, this remand contemplates that either side should be allowed to introduce all evidence touching on the disability of the plaintiff. *Cf.* Oppenheim v. Finch, 495 F.2d 396, 397 n. 2 (4th Cir. 1974).