Margaret L. NICHOLS, Appellant,

v.

Joseph A. CALIFANO, Secretary of the Department of Health, Education, and Welfare, Appellee.

No. 76–1265.

United States Court of Appeals, Ninth Circuit.

June 8, 1977.

Allan S. Ghitterman, Ghitterman, Schweitzer & Herreras, Ventura, Cal., submitted brief for appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., submitted brief for appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

Appellant Margaret Nichols brought suit in the district court to overturn a determination of the Secretary of Health, Education, and Welfare that she is not entitled to disability benefits under 42 U.S.C. §§ 416(i) and 423. The district court entered summary judgment in favor of the Secretary. We reverse.

Nichols, a 53-year old woman, suffers from urinary incontinence. She is also diabetic. Since 1968 she has undergone two major operations to correct her problem, but neither was successful. The period of her disability allegedly began on June 20, 1973. Nichols applied for disability benefits on September 5, 1973.

All concede that Nichols' present physical condition renders her unable to engage in gainful employment. The administrative agency nevertheless ruled that, under 20 C.F.R. § 404.1507 (1976),[1] her willful failure to submit to still a third operation precludes a finding that she was disabled. On appeal, Nichols contends that her refusal of yet another surgical intervention was supported by justifiable cause and was therefore not "willful" within the meaning of section 404.1507.

The administrative record contains the opinions of four doctors. Dr. Murray, Nich-

---

1. That regulation provides:

For purposes of entitlement to a period of disability or to disability insurance benefits or to child's, widow's or widower's insurance benefits based on disability, an individual's impairment must also be expected to result in death or to have lasted or be expected to last for a continuous period of not less than 12 months. An individual with a disabling impairment which is amenable to treatment that could be expected to restore his ability to work shall be deemed to be under a disability if he is undergoing therapy prescribed by his treatment sources but his impairment has nevertheless continued to be disabling or can be expected to be disabling for at least 12 months. However, an individual who willfully fails to follow such prescribed treatment cannot by virtue of such failure be found to be under a disability. Willful failure does not exist if there is justifiable cause for failure to follow such treatment.

ols' family doctor, adamantly opposed further surgery. Dr. Robertson, a specialist in urology whom Nichols consulted, initially reported that a surgical procedure known as the "Marshall-Marchetti repair" might alleviate appellant's problem. In a later report, however, Robertson expressed misgivings about the advisability of further surgery, noting that some of Nichols' problems were caused by factors that would not be helped by surgery; he doubted whether further surgery would remedy the disability. Two other doctors recommended surgery, but differed on the appropriate procedure. Based on these reports, the administrative law judge found that "the preponderant medical evidence . . . indicates that the condition is correctible by a standard medical procedure known as the Marshall-Marchetti repair." He determined that appellant was ineligible for disability benefits because of a willful refusal to undergo a third surgical operation. The Secretary adopted these conclusions.

■ While the question is not free from doubt, we may assume that the record in this case contains substantial evidence to support a finding that Nichols' condition could be corrected by surgery. But that finding is not equivalent to a determination that her refusal to undergo surgery was a willful one. Under section 404.1507, "willfulness" is in essence defined as a refusal not supported by justifiable cause. If appellant's actions were reasonable under the circumstances, then the district court's judgment upholding the Secretary's determination must be reversed, notwithstanding a finding that a better medical view is that the condition could be remedied by surgery. We hold that the Secretary applied an incorrect legal standard in determining what constitutes a "willful refusal of treatment," and that his ruling could not be supported by substantial evidence.

■ A claimant under a disability need not submit to all treatment, no matter how painful, dangerous, or uncertain of success, merely because one physician believes that a remedy may be effective. *Cf. Purdham v. Celebrezze*, 349 F.2d 828 (4th Cir. 1965);

*Ratliff v. Celebrezze*, 338 F.2d 978 (6th Cir. 1964). In determining whether a claimant's refusal to undergo treatment is reasonable—*i. e.*, supported by justifiable cause under 20 C.F.R. § 404.1507—several factors must be considered. *See Smith v. Weinberger*, 394 F.Supp. 1002, 1008 (D.Md.1975). The physician's outlook as to the success of the treatment is a salient factor in examining the claimant's behavior. As the physician's prognosis becomes less optimistic, a claimant's refusal to undergo surgery may be more reasonable. The nature of the relationship between a physician and a claimant is an indication of the reasonableness of the claimant's refusal. Where a family physician, in whom the claimant may place a great deal of trust, recommends against surgery, the patient's decision to adopt that advice tends to be more reasonable than it would be if that advice had not been given.

■ The nature of the treatment or surgery required also is significant. A patient may be acting reasonably in refusing surgery that is painful or dangerous. Thus, a patient's reasonable fear has been held to justify refusal of treatment. *See Martin v. Ribicoff*, 195 F.Supp. 761, 772 (E.D.Tenn. 1961). By contrast, where a prescribed medical procedure is simple, the claimant's behavior may be subject to closer scrutiny.

■ The agency should also examine the severity of the claimant's ailment. The more debilitating the impairment, the less reasonable is the refusal of treatment, especially where the corrective procedure is simple.

■ Finally, the claimant's age, background, and medical history should be considered in determining whether he has justifiable cause to refuse treatment. For example, a history of unsuccessful treatment may justify refusal of further treatment. In such cases, a claimant should not be forced continually to undergo treatment in the hope that such treatment will ultimately remedy the disability.

■ Applying the above factors to this case, we cannot say that Nichols' failure to submit to surgery was unreasonable, and therefore "willful." It is true, as the Secretary found, that Nichols' problem was quite severe, and that Nichols could have submitted to surgery once again. But four physicians were in sharp conflict as to the probable success of the surgery. The physician most adamantly opposed to the surgery was Nichols' family physician, in whom Nichols might be expected to place much trust. Moreover, Nichols had undergone two operations for the same or similar problems in the past, both of which were unsuccessful. There is no indication in the record that Nichols' refusal to submit to surgery was either insincere or motivated merely by a desire to collect disability payments. Under the circumstances, we must conclude that a determination that Nichols' refusal was unjustified could not be supported by substantial evidence.[2]

Accordingly, the judgment of the district court is REVERSED, and the cause is REMANDED to the Secretary for the purpose of entering an order awarding the claimant the disability benefits to which she is entitled.

SNEED, Circuit Judge, dissenting:

This case may raise an important issue pertaining to the administration of disability benefits under 42 U.S.C. §§ 416(i) and 423. It is whether a claimant whose disabling impairment reasonably can be regarded as remediable is entitled to disability benefits notwithstanding a refusal to undergo the remedy. My answer to the question is no. Under such circumstances, the refusal is wilful within the meaning of 20 C.F.R. § 404.1507 (1976).

I am not certain how the majority responds to the issue. Judge Kennedy acknowledges that there exists in this case "substantial evidence to support a finding that Nichols' condition could be corrected by surgery." Nonetheless, he then proceeds to find that Nichols had justifiable cause to refuse to undergo the surgery that would have corrected her condition. As a consequence her refusal was not wilful within the meaning of § 404.1507. Justifiable cause turns on factors such as the "physician's outlook as to the success of the treatment," the nature of the relationship between the physician and claimant, the nature of the surgery required, the severity of the claimant's ailment, and the claimant's age, background, and medical history.

My difficulty with this approach is that either it involves an internal contradiction, or it amounts to a finding of no substantial evidence to support the Secretary's finding. An internal contradiction is present if the majority mean to say that even when a disabling impairment reasonably can be regarded as remediable the claimant reasonably can refuse to submit to the remedy without sacrificing his right to the disability benefits. A remedy is not *reasonably* available when the claimant can *reasonably* refuse it. This, I believe, is the teaching of *Purdham v. Celebrezze*, 349 F.2d 828 (4th Cir. 1965) and *Ratliff v. Celebrezze*, 338 F.2d 978 (6th Cir. 1964). If, on the other hand, the majority believe that a reasonably available remedy cannot be refused without the claimant sacrificing his right to disability benefits, they and I agree, except they do not believe, while I do, that the Secretary's finding that Nichols' impairment had a reasonably available remedy is supported by substantial evidence.

There is, of course, a third possibility. This is that the majority do not recognize the internal contradiction and do believe that a *reasonably* available remedy *reasonably* can be refused without sacrificing disability benefits. The inclusion of the relationship between the physician and claimant in the factors to be considered in determining whether the refusal was justified suggests precisely that. If this third possibility is the majority's view, I do not believe

2. To reiterate, we do not decide whether the record supports a finding that Nichols' condition is remediable; that question is collateral to

the issue of the reasonableness of her refusal to undergo treatment.

it is supported by any relevant authority.[1] Moreover, it undoubtedly, will expand the coverage against disability provided by 42 U.S.C. §§ 416(i) and 423. In that event, this case is an important one indeed, because the majority's answer to the issue posed at the outset of this dissent is "Yes, but only when the refusal is reasonable."

---

1.  No court has held that a reasonably available remedy reasonably can be refused without sacrificing disability benefits. Cases dealing with the question of whether a refusal is reasonable do not distinguish it from the question of whether a disability can be reasonably classified as remediable. *Colwell v. Gardner*, 386 F.2d 56 (6th Cir. 1967); *Purdham v. Celebrezze*, 349 F.2d 828 (4th Cir. 1965); *Budds v. Richardson*, 313 F.Supp. 1048 (W.D.Mis. 1970). As these cases indicate, a disability cannot reasonably be classified as remediable if the remedy requires an unreasonable effort on the part of the claimant or unreasonably jeop- ardizes the safety of the claimant. If the reme- dy presents the claimant with either of these possibilities, the claimant may reasonably refuse to undergo the treatment without sacri- ficing his disability benefits. The question of reasonableness of the refusal is the other side of the coin of the question of reasonableness of the remedy. Both are basically objective ques- tions and turn on the same factors, which in- clude the remedy's probability of success and accompanying danger to the claimant. *See Morse v. Gardner*, 272 F.Supp. 618, 629 n. 9 (E.D.La.1967).