**Vincent SCHENA, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

**No. 80–1191.**

United States Court of Appeals, First Circuit.

Argued Sept. 9, 1980.

Decided Dec. 2, 1980.

---

Carolynn N. Fischel, Boston, Mass., with whom Petkun & Locke, Inc., Boston, Mass., was on brief, for appellant.

Paul E. Troy, Asst. U.S. Atty., Boston, Mass., with whom Edward F. Harrington, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, WYZANSKI,* Senior District Judge.

BOWNES, Circuit Judge.

Plaintiff–appellant Vincent Schena appeals an order of the district court granting the motion of the Secretary of Health, Education and Welfare (Secretary) for summary judgment and dismissal. The issues are whether the district court erred in finding substantial evidence to support the Secretary's decision that the claimant was not disabled after December 6, 1974, and whether the Secretary's determination that Schena's refusal to have a spinal fusion operation was unreasonable is supported by substantial evidence in the record.

## I.

*The Facts*

Schena suffered a ruptured lumbar disc in an accident on a construction site, and was determined to be disabled within the meaning of 42 U.S.C. § 423(d) from May 22, 1973, to December 6, 1974. He claims that he is entitled to disability benefits through the time he returned to work in March, 1978.

Schena's benefits were initially terminated because of his alleged willful refusal to undergo spinal surgery. The Secretary, after reconsideration, determined that this decision was proper. Schena then asked for a hearing before an administrative law judge (ALJ) which was held on December 1, 1976. The ALJ affirmed the reconsideration decision, finding that Schena "no longer met the definition of disability . . . both due to his failure to follow a prescribed course of treatment and also because he then [after December 6, 1974] had the capacity to perform sedentary work." The Appeals Council affirmed the decision of the ALJ on October 3, 1977. The case was next before the district court. Determining that there was substantial evidence to support the finding that Schena could perform sedentary work in a substantial gainful activity, the court granted the Secretary's motion for summary judgment. This appeal followed.

## II.

A. *Whether substantial evidence supports the denial of disability benefits after December 6, 1974, on the basis of Schena's capacity to engage in a substantial gainful activity.*

■ Schena's first claim is that substantial evidence does not support the Secretary's decision that he could engage in a substantial gainful activity after December 6, 1974, and was, therefore, not disabled after that date. We find that the record fails to establish whether Schena could perform sedentary work, given his physical limitations, in the period between December 6, 1974 (when he was determined to be no longer disabled), and December 1, 1976 (the date of the hearing).[1] It must be reiterated that Schena's benefits were first terminat-

---

* Of the District of Massachusetts, sitting by designation.

1. All that the ALJ found was that claimant "*has* sufficient functional capacity to engage in sedentary work," not that from December 6, 1974, to December 1, 1976, he had such capacity (emphasis added).

ed not because of a finding that he was able to work, but on the grounds that he had willfully failed to undergo prescribed surgery. Substantial evidence only supports a finding that *at the time of hearing*, Schena could do sedentary work of a nature to enable him to engage in a substantial gainful activity. But the evidence cannot substantiate a finding that Schena was capable of such work for the two years previous. Rather, a specific inquiry with respect to that time period has to be made.

In reviewing the finding of substantial evidence that Schena could perform sedentary tasks in a substantial gainful activity, at least as of December 1, 1976, we note first the testimony of the vocational expert. He stated that work existed in the economy for a person of Schena's age, education and job experience, for someone who was able to stand for fifteen minutes at a time, walk for two blocks, sit with the opportunity to shift position, and lift ten pounds from a table though unable to stoop or bend. Schena, the vocational expert testified, could work as a self–service parking lot attendant, self–service gasoline station attendant, bench assembly worker or daytime shopping center security officer. Neither Schena nor his counsel suggested that he was unfit for such employment. Counsel only inquired as to whether the jobs took account of his client's requirements for warm weather; the vocational expert responded that Schena could reasonably expect that he would be shielded from inclement weather while performing such work.

■ Although we find that there was substantial evidence that Schena could work at the time of the hearing, we disagree with the district court's view that claimant's responses about his fitness to work bolster the conclusion of the ALJ. Although Schena's testimony was not always clear, we think it was a mistake to equate his expressions of willingness to try to work with capacity to work.[2]

B. *Whether the Secretary erred in determining that Schena's refusal to have spinal surgery barred a finding of disability.*

Because the district court found substantial evidence that Schena could work, it did not reach the other basis for the Secretary's denial of benefits–the claimant's alleged willful refusal to have back surgery "was not shown to be medically justifiable." That basis would serve as an independent ground for sustaining the Secretary's decision, even if it were determined on remand that Schena could not perform substantial gainful activity for the period in question. For the reasons discussed below, however, we reverse the Secretary's decision barring Schena's disability benefits because of his rejection of a spinal operation. Thus, on remand, if it is determined that Schena could not undertake substantial gainful activity between December 6, 1974, and December 1, 1976, he must be awarded disability benefits for that time interval.

The pertinent regulation with respect to the denial of benefits for willful failure to follow treatment states:

An individual with a disabling impairment which is amenable to treatment to restore his ability to work shall be deemed to be under a disability if he is undergoing therapy prescribed by his treatment sources but his impairment has nevertheless continued to be disabling or can be expected to be disabling for at least 12 months. However, an individual who willfully fails to follow such prescribed treatment cannot by virtue of such failure be found to be under a disability. Willful failure does not exist if there is justifiable cause for failure to follow such treatment.

2. The court's view was based on the following exchanges between the ALJ and Schena:
    ALJ: Tell me in your own words why you couldn't work right now?
    Schena: (Inaudible) I can't work–what kind of work.

Q: Could you do your work back there with the construction company right now?
A: I don't think my–

Q: How about if you had an easier job? ....
A: I could try it...

20 C.F.R. § 404.1507 (1976).[3] Thus a claimant's disability benefits cannot be terminated unless it is determined that:

(1) The impairment must have been amenable to treatment . . . [that could be expected] to restore the claimant's ability to work . . . .

(2) The treatment must have been prescribed.

(3) The treatment must have been refused.

(4) The refusal must have been willful; willfullness [sic] does not exist where there is a justifiable excuse for the refusal.

*Smith v. Weinberger*, 394 F.Supp. 1002, 1008 (D.Md. 1975).

■ In the case at hand, the ALJ failed to develop the facts necessary to sustain his findings. He did not explicitly determine that the rejected back surgery could be expected to restore Schena's ability to work. The medical reports upon which the ALJ relied suggest that surgery would improve the claimant's condition, but did not deal with the question of whether the treatment "could be expected to restore his ability to work."

■ Further, the denial of benefits because of Schena's alleged "willful refusal to follow a *recommended* course of treatment" (emphasis added) disregards the language of the regulation which specifically speaks in terms of the willful failure to follow "prescribed" treatment. That various physicians suggested the operation does not necessarily mean that they prescribed it. Schena's physician, though suggesting an operation, stated in his report that he did not "urge him to undergo surgery which he is fundamentally opposed to" and noted in an earlier letter that since the patient "wishes to try physical therapy, I have no objection and he is going to continue with this for a relatively indefinite period if he wishes to do so." In any case, it is not the "claimant's burden to undergo any and all surgical procedures suggested by [his or] her physician lest [he or] she is barred from

disability benefits." *McCarty v. Richardson*, 459 F.2d 3, 4 (5th Cir. 1972).

■ "In determining whether a claimant's refusal to undergo treatment is reasonable–i. e. supported by justifiable cause under 20 C.F.R. § 404.1507–several factors must be considered." *Nichols v. Califano*, 556 F.2d 931, 933 (9th Cir. 1977). Certainly, an assessment should be made in light of such variables as the risks involved, the likelihood of success, the consequences of failure and the availability of alternative treatment. "A patient may be acting reasonably in refusing surgery that is painful or dangerous." *Id.* at 933. A patient's refusal to submit to an operation when the surgeon suggesting the surgery "considered the attitude of the patient a reasonable one, cannot be held to be a refusal to cooperate in remedial treatment." *Ratliff v. Celebrezze*, 338 F.2d 978 (6th Cir. 1964). A reasonable fear may justify the refusal of treatment. *See Martin v. Ribicoff*, 195 F.Supp. 761, 772 (E.D. Tenn. 1961).

■ We cannot accept the ALJ's conclusion that Schena's refusal to submit to surgery was unsupported by justifiable cause. Schena testified that none of the physicians provided percentages indicating the likelihood of success. He stated that he was wary of surgery because several of his relatives had undergone such operations, but were worse off than before. One of the specialists who recommended an operation noted in his report that Schena refused surgery "since the other man injured in the same accident became paralyzed in the lower extremities and remained so in spite of having surgery in order to help him." Schena's treating physician supported surgery but stated that "it is certainly reasonable to refuse this sort of treatment if one is particularly upset by the thought of it." He sanctioned alternative treatment, and the record shows that Schena underwent extensive physical therapy and wore a back brace. *Cf. Blankenship v. Califano*, 598 F.2d 1041, 1045 (6th Cir. 1975) (significant that appellant willing to undergo alterna-

---

**3.** The identical regulation is now found at 20 C.F.R. § 404.1518.

**20**

tive treatment involving considerable pain). In view of all this, Schena's decision to refuse surgery and to choose alternative treatment was not unreasonable.

"It is common knowledge that spinal surgery is often dangerous and entails much pain and suffering." *Ratliff v. Celebrezze,* 338 F.2d at 981. In reviewing this case, we are moved to ask as did the Sixth Circuit in a similar context: "What kind of surgical operation entailing what danger to life, and pain, must an applicant undergo at the behest of a surgeon who does not suggest any certainty of cure or remedy?" *Id.* at 981. Given the uncertain (and sometimes adverse) consequences of spinal surgery, we have difficulty faulting Schena for choosing other treatment. The fact that he has returned to work suggests that his decision to pursue another mode of treatment was appropriate.

Finally, we note that the Social Security Act was intended "to ameliorate some of the rigors that life imposes." *Miracle v. Celebrezze,* 351 F.2d 361, 374 (6th Cir. 1965). It was a commitment by the nation to serve the individual needs of its people. The perfunctory determination of the Secretary here, the apparent disregard for the concerns that moved Schena to reject back surgery are at odds with the underlying premises of the Act.

Accordingly, we reverse the Secretary's decision that Schena's rejection of spinal surgery barred him from disability benefits under 20 C.F.R. § 404.1507. We reverse in part the decision of the district court, and remand to the Secretary to determine whether the claimant could engage in "any substantial gainful activity" from December 6, 1974, to December 1, 1976.