**Larue VANPELT, Plaintiff,**

v.

**Patricia HARRIS, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 79–0962.**

United States District Court,
M. D. Pennsylvania.

Dec. 3, 1980.

John A. Mihalik, Hummel, James & Mihalik, Bloomsburg, Pa., for plaintiff.

Carlon J. O'Malley, U. S. Atty., Scranton, Pa., for defendant.

**MEMORANDUM**

RAMBO, District Judge.

This is a suit under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3),

to review a final decision of the Secretary denying the plaintiff's application for Supplemental Security Income disability benefits as provided by § 1602 of the Act, 42 U.S.C. § 1381a. Section 1631(c)(3) of the Act provides that "The final determination of the Secretary after a hearing ... shall be subject to judicial review as provided in section 205(g) to the same extent as the Secretary's final determinations under section 205." Plaintiff filed his appeal with this court on July 30, 1979, after his appeal to the Appeal's Council resulted in a decision adverse to plaintiff.[1] Defendant's motion for summary judgment was filed on March 12, 1980 and opposed in a brief filed by plaintiff on April 1, 1980. The magistrate's recommendation, which was filed on September 25, 1980, was objected to by defendant on October 10, 1980. Plaintiff filed a brief in support of the magistrate's report on November 4, 1980. The magistrate's recommendation is rejected for the reasons discussed herein.

It has long been recognized that the function of the court on review is to determine whether the Secretary's decision is based upon substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Ginsburg v. Richardson,* 436 F.2d 1146 (3rd Cir.), *cert. denied,* 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971), *reh. denied,* 403 U.S. 912, 91 S.Ct. 2213, 29 L.Ed.2d 690 (1971). Likewise, where there is conflicting evidence and more than one conclusion might be drawn, the conclusion of the Secretary should be affirmed if supported by substantial evidence. *Ginsburg v. Richardson, supra.*

In his complaint, plaintiff alleges that the Administrative Law Judge (ALJ) erred (1) in finding that plaintiff's alleged physical and emotional impairments did not preclude him from engaging in the type of employment he had previously done, and (2) in concluding that plaintiff was not disabled for purposes of the Social Security Act. To support these general allegations of error, plaintiff, in his brief contra to defendant's motion for summary judgment, alleges

1. the ALJ capriciously disregarded competent evidence and his decision was not supported by substantial evidence;

2. the ALJ's findings of fact, particularly those relating to plaintiff's complaints of pain, are not full and explicit; and

3. the ALJ capriciously failed to secure additional evidence relating to plaintiff's psychological disorder.

With regard to plaintiff's first contention, the record is clear that the ALJ did not *capriciously* disregard competent evidence, rather the ALJ evaluated all of the testimony and arrived at a considered conclusion that the plaintiff's infirmities are not of a disabling nature. The ALJ, after analyzing the reports of the various doctors and x–rays, determined that "if the claimant is to succeed in establishing disability on the basis of this medical record as now constituted it would have to be on a basis of a musculoskeletal or neuromuscular impairment...." (ALJ decision filed April 30, 1979, p. 14). He went on to determine that based upon *all* of the evidence of record, plaintiff was still able to perform his previous work activity.

The fact that in an undated letter, plaintiff's treating physician, Dr. Gegwich, opined that plaintiff was completely disabled, does not prove plaintiff's point. Indeed, if plaintiff would have the ALJ rely *solely* on that bit of evidence, plaintiff would have the ALJ committing the very error in favor of the plaintiff that plaintiff is alleging the ALJ committed against him. The ALJ properly considered the record as a whole, rather than bits and pieces. In his argument, plaintiff implies that there was uncontradicted medical evidence that plaintiff was totally and permanently disabled, which was allegedly ignored by the ALJ. A comprehensive reading leaves the court still searching for such "uncontradicted medical

---

1. For a more detailed procedural history, see defendant's Brief in Support of Motion for

Summary Judgment, page 2.

evidence" and *any* medical evidence that the ALJ *ignored.* The court finds that the ALJ, in arriving at his decision that plaintiff was not disabled under the Act, did not capriciously disregard competent evidence and further, that the ALJ's decision is supported by substantial evidence.

Plaintiff next alleges that ALJ's findings of fact, particularly those relating to plaintiff's alleged pain, are not full and explicit. In support of this contention, plaintiff cites *Hargenrader v. Califano,* 575 F.2d 434 (3rd Cir. 1978). The court in *Hargenrader* found that several *ultimate* findings of fact were not supported by specific subordinate findings. In the case *sub judice,* the ALJ's finding that plaintiff's testimony regarding ability to walk, rest, stand, sit, bend, etc. was not credible is a specific *subordinate* finding of fact supportive of the ultimate finding of fact that plaintiff could work. Notwithstanding that distinction, the ALJ, in narrative form on pages 14 and 15 of his decision, disclosed the basis of his decision that plaintiff's testimony regarding those functions was not credible.[2]

Plaintiff's final allegation of error runs to the ALJ's alleged "capricious failure" to secure additional evidence concerning plaintiff's alleged psychological disorder. The magistrate, in his report, agreed with plaintiff that the ALJ erred in not establishing a comprehensive record regarding plaintiff's alleged psychiatric disorders. In his report, the magistrate felt the record clearly established some degree of psychiatric problem, as evidenced by Dr. Campbell's report of January 15, 1976 and therefore the ALJ had a duty to further explore the issue. The magistrate interprets that report as indicating plaintiff's depression was "functionally debilitating to a 'severe' degree in the morning with improvement as the day progressed". (Magistrate's Report, pp. 7–8). In fact, Dr. Campbell was not referring to plaintiff's depression but to his restrictions caused by arthritis (Tr. 178). Dr. Campbell's only mention of plaintiff's mental health is in a section headed "Other Observable Clinical Findings", where plaintiff was described as "mildly depressed".

The magistrate felt the limited amount of evidence concerning plaintiff's alleged psychiatric disfunction was even more disconcerting because "at his evidentiary hearing plaintiff was not represented by counsel ". (Magistrate's report, p. 8). A review of the record, however, discloses that plaintiff was in fact represented by counsel at the evidentiary hearing before the ALJ.[3] The court agrees that if the evidence suggested a present psychiatric problem and if the

2. The ALJ's rationale is as follows:

While the undersigned does not doubt that the claimant has some degree of pain as a result of his back impairment and injury incurred in June of 1978, particularly to the cervical spine, which pain is treated with standard orthodox therapy, the undersigned is not convinced that the degree of pain is of such exquisite quality or enduring character or refractory to all medical modalities to be inconsistent with the claimant's ability to function on a regular and routine basis in a type of work activity within his vocational qualifications, which did not require either prolonged standing, heavy lifting or repeating bending. It should be noted that according to the claimant's earnings record and as testified to by him and reflected by other evidence of record, the claimant has had sporadic employment throughout much of his adult life. However, it would appear that his principal relevant work has been in the clerical field when he was employed at American Car and Foundry. Certainly the evidence of record does not indicate that the claimant is in any way house confined. His own testimony is to the effect that he drives, is engaged in limited social activity, goes shopping to the grocery store, goes to bingo twice a week and occasionally goes to a movie. While the undersigned appreciates that limitations of some activities necessarily are dictated by economic considerations, these do not inhere in any medical basis. Although the claimant has asserted that the pain which he experiences interferes with his ability to sit, stand, bend, walk and that such pain is of a persistent quality which in his own estimation would interfere with specific functions necessary for any type of work activities, nonetheless based on the medically demonstrable evidence furnished by the orthopedist and the neurologist and from other evidence of record this type of pain can not be considered as disabling in nature.

3. The record indicates that plaintiff appointed Thomas A. James, Jr., Esquire, to represent him at the hearing before the ALJ and further indicates that Mr. James was in fact present at the hearing.

plaintiff was not represented by counsel a remand would be necessary. This is not, however, present in instant case.

While the record discloses that plaintiff suffers from "bad nerves," this condition is far from satisfying the mental impairment required to be disabled under the Act. *Gentile v. Finch*, 423 F.2d 244 (3rd Cir. 1970). When the ALJ questioned plaintiff about his alleged nervous condition and psychiatric treatment, plaintiff testified that he has been taking Valium for his nervous condition for about two years (Tr. 74) and that he has not been under the treatment of a psychiatrist since high school (Tr. 67). Plaintiff's counsel asked only two questions of plaintiff with regard to his nervous condition (Tr. 107) and plaintiff's mother testified she told plaintiff to stop seeing the psychiatrist because he was not helping plaintiff (Tr. 117). At that time, plaintiff was approximately 17 years old (Tr. 117). Plaintiff is now 46. Medical testimony regarding plaintiff's nervous condition is admittedly sparse. Dr. Campbell's report referred to above noted only "mild depression." Plaintiff's own physician's report of June 19, 1978 indicates "Patient appears oriented as to time, place and person. Affect appears normal. No abnormal thought process noted." (Tr. 182).

Based on the facts of record, the court is of the opinion that it is not clear that plaintiff presently has debilitating psychiatric problems nor that the ALJ was put on notice and duty bound to seek such evidence. Although the ALJ has a duty to inquire in a manner that will fully and fairly develop the fact, *Smith v. Weinberger*, 394 F.Supp. 1002, 1006 (D.Md.1975), it is the plaintiff's burden to establish his disability. *Quinn v. Richardson*, 353 F.Supp. 363 (E.D.Pa.) *aff'd mem.*, 485 F.2d 681 (3rd Cir. 1973). Accordingly, defendant's motion for summary judgment will be granted.