809 F.2d 786
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dolores A. SCHAMBERGER, Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services, Appellee.
 No. 86-3970.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 6, 1986.
Decided Jan. 13, 1987.
 
 (Robert F. Cohen, Jr.; Cohen, Abate & Cohen on brief) for appellant.
 (Beverly Dennis, III, Chief Counsel, Region III, Office of General Counsel, Department of Health & Human Services; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; Mark R. Schwartz, Assistant Regional Counsel; William A. Kolibash, United States Attorney; Betsy C. Steinfeld, Assistant United States Attorney on brief) for appellee.
 N.D.W.Va.
 AFFIRMED.
 Appeal from the United States District Court for the Northern District of West Virginia at Clarksburg. William M. Kidd, District Judge (C/A 82-0129-C(K)).
 Before CHAPMAN and WILKINSON, Circuit Judges, and BOYLE, District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Dolores A. Schamberger appeals from the decision of the district court upholding a denial of her claim for Supplemental Security Income (SSI). Finding substantial evidence to support the Secretary's conclusion that Schamberger suffered no non-exertional impairment making the use of the medical-vocational guidelines (grids) appropriate, we affirm.
 
 
 2
 Schamberger filed her claim for SSI benefits on January 26, 1981, under Title XVI of the Social Security Act, 42 U.S.C. Sec. 1381 et seq. After her claim was denied initially and again upon reconsideration, it was referred for a hearing before an Administrative Law Judge. At the hearing, Schamberger alleged disability as a consequence of chronic kidney problems, low back pain and angina pectoris coupled with anxiety and depression. The Administrative Law Judge found that Schamberger's emotional problems were not of sufficient severity to constitute a non-exertional impairment precluding application of the grids. Thus, in applying the grids, the Administrative Law Judge found that Schamberger was not disabled as defined under the Social Security Act. The Appeals Council denied Schamberger's request for review and she initiated this action in the district court contending that she had adequately demonstrated the existence of both physical and mental impairments.
 
 
 3
 On appeal to this court, Schamberger has conceded that there is substantial evidence to support the Secretary's finding that her physical impairments leave her with residual functional capacity to perform light work (Appellant's Brief at p. 12), but argues that she suffers a mental impairment. To establish the existence of a mental impairment, Schamberger relies primarily on the reports of Jim Murphy, a social worker at the Central District Mental Health Center, and Charles Chong, M.D., of the same facility. Mr. Murphy reported that Schamberger suffered from: (1) adjustment disorder with mixed emotional function; (2) dysthymic disorder (depressive neurosis); (3) parent-child problem; and (4) dependent personality traits. Dr. Chong indicated that Schamberger had an adjustment disorder with mixed emotional features such as histrionics. However, Dr. Chong reported that Schamberger's cognitive functions were intact.
 
 
 4
 There is no authority that requires the Secretary, in evaluating a claim for disability, to give additional weight to the report of a social worker. Further, there is no evidence to suggest that Dr. Chong saw Schamberger more than once. Therefore, neither of these reports document an expert judgment regarding Schamberger's alleged mental impairment based on a continuing observation of Schamberger's alleged condition over a long period of time. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir.1983). Moreover, a mental status evaluation by James Henderson, M.D., revealed that Schamberger had moderate anxiety and depression, but showed no marked restriction of daily activities, constriction of interests, or seriously impaired ability to relate to other people.
 
 
 5
 Both the Secretary and the District Court adopted the Administrative Law Judge's finding which concluded that Schamberger's non-exertional ailments considered in conjunction with her physiological maladies did not preclude her from performing sedentary or non-exertional, light work. See e.g., Hicks v. Gardiner, 393 F.2d 299, 302 (4th Cir.1968). While the medical findings establish that Schamberger suffers from a number of impairments, none of them considered individually, or in combined affect, meet or equal the threshold of impairment criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The record contains no evidence of a single clinical finding by an examining physician that rises to the level of severity required in any one of the impairment listings. Further, there is no evidence to demonstrate that Schamberger's mental condition affects her residual capacity to perform work of which she is exertionally capable. As this court has previously stated:
 
 
 6
 This treatment of non-exertional conditions surely comports with the legislative intent underlying the enactment of grid regulations. We cannot believe that the grids are formulated to reflect the availabilty of jobs in the national economy only for physically impaired claimants with "entirely normal" emotional and psychological makeups. If the grids are to serve their intended purpose, we believe their use cannot be defeated by low-level personality and emotional disorders that undoubtably afflict--at least from time to time--vast numbers of the populous.
 
 
 7
 Smith v. Schweiker, 719 F.2d 723, 725 (4th Cir.1984). Therefore, because of the absence of objective evidence to establish the existence of Schamberger's alleged mental impairment, the Secretary properly applied the grids to reach a conclusion of non-disability.
 
 
 8
 AFFIRMED.